**Harold E. SIVARD, Jr.,**
**Plaintiff–Appellant,**

v.

**PULASKI COUNTY, Pulaski County Sheriff's Department, Charlotte Ward, individually and in her official capacity, et al., Defendants–Appellees.**

No. 91–1208.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 28, 1991.

Decided April 1, 1992.

Grace H. Han, argued, Sipe, Pankow, Han & Free, Indianapolis, Ind., for plaintiff-appellant.

Frank E. Tolbert, argued, John S. Damm, Logansport, Ind., for defendants-appellees.

Before CUMMINGS and CUDAHY, Circuit Judges, and WISDOM, Senior Circuit Judge.[1]

WISDOM, Senior Circuit Judge.

The plaintiff-appellant sued Pulaski County, Indiana, its sheriff, and a local doctor for unconstitutional detention and personal injuries suffered while in prison. The district court dismissed the suit on a motion for summary judgment. Unlike the trial court, we read the complaint to state a claim for unconstitutional detention. We find, however, that unanswered questions of material fact remain as to that claim and the defendants' defense against it. The claim was therefore inappropriate for summary judgment, and we reverse. As to the summary judgment on all other allegations

1. The Honorable John Minor Wisdom, Senior Judge of the United States Court of Appeals for the Fifth Circuit, is sitting by designation.

in the plaintiff's complaint, we agree with the trial court, and affirm.

## I. BACKGROUND

Harold Sivard was arrested by Pulaski County police officers on February 2, 1987 for committing battery. He was held in jail without being charged before a judicial officer, until February 19, 1987—17 days later. Trial was set for April 2, 1987. At some point during Sivard's detention, county officials learned that he was wanted in Massachusetts on a kidnapping charge. A Massachusetts grand jury had indicted Sivard for this crime in December 1986, but Massachusetts did not issue an arrest warrant for him until March 3, 1987—more than one month after Sivard's Indiana arrest.

Around 2:00 a.m. on March 24, 1987, Sivard helped prevent a fellow prisoner, Darryl Lewis, from hanging himself. Lewis had used his suicide note to obscure the view of the observation camera directed at his cell. Sivard suffered a back injury while supporting Lewis (who was hanging from the bars of his cell). No one came to help Sivard or Lewis for 30 minutes. Sivard informed prison officials of his injury that night; a doctor came to see him by noon. Sivard waived his rights against extradition, and was released to Massachusetts on March 27, 1987. Indiana dismissed the battery charge on April 2, 1987.

Sivard filed this lawsuit on May 3, 1989. Sivard originally brought a diversity suit (under state law only) against Pulaski County, the County Sheriff's Department, County Sheriff Charlotte Ward-Tillitt (both individually and in her official capacity), and Dr. John Doe (later identified as Rex Allman, M.D.) for: wrongful detention between February 2 and March 27, 1987 (he was not charged until February 19, 1987); negligent and willful failure to provide him with timely medical care; and Dr. Allman's misdiagnosis of his back injury, which required surgery and resulted in his permanent disability.

2. 42 U.S.C. § 1983 (1981).

Sivard's case cleared several difficult obstacles. The most threatening was the district court's well-reasoned (and unchallenged) decision to grant a motion to dismiss Sivard's state law cause of action because he had not provided the defendants with timely notice under the Indiana Tort Claims Act. The district court allowed Sivard to amend his pleadings several times. Without altering the wrongful acts alleged, Sivard stated that his lawsuit arose under § 1983 [2] and characterized it in language appropriate to that law. The defendants once again moved for dismissal or summary judgment; Sivard filed no response to that motion. The trial court finally granted summary judgment against Sivard, holding that:

1) Sivard had no claim for wrongful detention, because he was arrested with probable cause;

2) There was no wrongful detention in the delay before the extradition hearing (held on March 24, 1987);

3) Although Sivard's Fourth Amendment rights may have been violated by the 17-day delay between his arrest and his being taken before a judicial officer, he had not made that argument in his complaint, or alleged that any of the defendants were responsible for the delay; and

4) His claims for inadequate supervision and care, delayed medical treatment, and Dr. Allman's alleged malpractice are negligence claims for which the U.S. Constitution, and § 1983, provide no remedy.

Sivard appeals from that summary judgment.

## II. DISCUSSION

### A. *Unconstitutional Detention*

■ We review *de novo* a district court's grant of summary judgment, applying the same standards as that court. We will affirm that judgment if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law".[3] In this case, the pleadings and the facts before us establish that genuine issues of material fact do remain, and that Sivard may even be entitled to a judgment in his *favor* as a matter of law, on his claims for unconstitutional detention. The district court offered three reasons for granting summary judgment against Sivard on his unconstitutional detention claim. The first is inapplicable; the second contains unanswered questions of material fact and was thus inappropriate for summary judgment; and the third requires an excessively narrow reading of Sivard's complaint, and was thus based on a legal error.

### 1. Probable Cause

██ The district court apparently accepted the defendants' argument that Sivard could make out no claim for wrongful detention because his arrest, though made without a warrant, was based on probable cause. We do not disagree with the general proposition that a warrantless arrest does not support a claim under § 1983 if the arresting police had probable cause.[4] That general rule, however, does not preclude *all* § 1983 actions for wrongful detentions that follow constitutional arrests. Sivard's case is based not on the terms of his arrest, but on the terms of his detention *after* that arrest. If the trial court relied on this argument to support its summary judgment, it erred.

### 2. Pre–Extradition Detention: February 2–March 27

██ The district court also agreed with the defendants that their nearly eight-week detention of Sivard could not be wrongful because they detained him pursuant to the Uniform Criminal Extradition Act.[5] It is possible that such a lengthy detention, unjustified by Sivard's arrest for battery, might have been justified if carried out in response to a request from Massachusetts for Sivard's extradition. It is undisputed

that Massachusetts had indicted Sivard two months before his arrest in Indiana, and that Massachusetts issued an arrest warrant for Sivard one month *after* his arrest in Indiana. What remains unknown is *when* Pulaski County and its officials learned of the charges against Sivard in Massachusetts. A detention while awaiting extradition cannot be justified as such *until* the detaining state is aware of the other state's desire to try the detainee for another crime. If the defendants explain, and defend, their lengthy detention of Sivard as pre-extradition detention, they must show that they actually held him with the knowledge that he was wanted in another state. They have not done this.

The trial court erred in its declaration that *"upon his arrest* a search in the national criminal records computer showed that Mr. Sivard was wanted in Massachusetts for various felony charges...." (emphasis added). There is no evidence in the record to suggest that Indiana officials became aware of Sivard's Massachusetts indictment at the same time they arrested him. The defendants themselves were unable to make this argument in their motion for summary judgment. In separate paragraphs their motion states that, first, immediately following the arrest a computer search *was begun,* and second, (without suggesting when, or how, this happened), that the department determined that Sivard was wanted in Massachusetts. The lack of temporal or causal relation between these two paragraphs strikes us as deliberate. The defendants were apparently avoiding, while hinting at, the very contention for which the district court gave them credit.

We note further that the district court's reliance on Indiana law to support such a long pre-extradition detention may be misplaced. The court noted that the Indiana Supreme Court, in *Meek v. State,*[6] held that a one-month detention before an extradition hearing is acceptable. The *Meek* case did not so hold. It stated only that it

---

**3.** Fed.R.Civ.P. 56(c).

**4.** *See, e.g., Moore v. Marketplace Restaurant, Inc.,* 754 F.2d 1336, 1344 (7th Cir.1985).

**5.** Ind.Code § 35–33–10–3 (1988).

**6.** 321 N.E.2d 205 (Ind.1975).

found no authority stating that a detainee held under the Extradition Act suffered a constitutional violation if his extradition hearing was held one month after his arrest. The district court also cited two other cases for the proposition that a failure to follow strictly the procedural requirements of the Extradition Act would not constitute a denial of due process.[7] Given the facts before us, these cases are equally inapplicable, and do not support a summary dismissal of Sivard's claims. The officials who detained Sivard have not explained at what point they detained him pursuant to the extradition request of Massachusetts; we cannot say when the procedural requirements of the Extradition Act would begin to apply. A county police force cannot use retrospectively its later knowledge of a request for extradition to justify an otherwise unconstitutional detention. From the facts before us, we cannot say that the county had such knowledge until the defendant had spent at least a month in jail.

3. Delay before being charged: February 2–19

█ The Supreme Court has "held that the Fourth Amendment requires a prompt judicial determination of probable cause as a prerequisite to an extended pretrial detention following a warrantless arrest".[8] Last year the Court held that a 48–hour detention before an appearance before a judicial officer will generally comply with the Fourth Amendment's requirement of promptness.[9] After 48 hours, however, that general rule changes:

Where an arrested individual does not receive a probable cause determination within 48 hours, the calculus changes. In such a case, the arrested individual does not bear the burden of proving an unreasonable delay. Rather, the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance.[10]

We read the Court's opinion in *County of Riverside* to state that an unexplained detention of 17 days before being charged with the crime for which the detainee is held is presumptively unconstitutional.

This Court has already held that an 18–day detention without an appearance before a judge or magistrate is a deprivation of liberty without due process of law.[11] Sivard was held by Pulaski County for 17 days before being charged before a judicial officer. The district court found that "Sivard may have been deprived of his Fourth Amendment right against unreasonable seizures". The court nevertheless found that Sivard's amended complaint did not make out a claim under § 1983 for that violation. We disagree.

Although mindful that we should avoid "scour[ing] the record to make the case of a party who does nothing",[12] we are obligated to protect a viable cause of action that Sivard has indeed raised. We respect the district court's frustration with Sivard's inelegant pleading and his failure to respond to the defendants' motion for summary judgment, and we acknowledge the Supreme Court's emphasis on the non-moving party's burden at summary judgment.[13] But we cannot ignore—nor deprive Sivard of any advantage from—facts that are well established in the record, facts that are admitted even by the defendants. The defendants' own motion for summary judg-

---

7. *Martin v. State*, 176 Ind.App. 503, 376 N.E.2d 498, 500 (1978), *citing Sweet v. Howard*, 155 F.2d 715, 717 (7th Cir.1946).

8. *County of Riverside v. McLaughlin*, —— U.S. ——, ——, 111 S.Ct. 1661, 1668, 114 L.Ed.2d 49, 57 (1991), (citing *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)).

9. *County of Riverside*, —— U.S. at ——, 111 S.Ct. at 1670, 114 L.Ed.2d at 63.

10. *Id.*

11. *Coleman v. Frantz*, 754 F.2d 719 (7th Cir. 1985).

12. *Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir.1989).

13. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial".).

ment admits the facts of Sivard's detention in terms sufficient to justify denying the motion. Sivard may indeed have been unaware of the value of his Fourth Amendment claim until the district court acknowledged it in its order granting summary judgment against him. Sivard originally sought recovery on state tort grounds. When he lost that basis for his suit he amended his complaint to allow for recovery under § 1983. Because Sivard did not respond to the defendants' motion for summary judgment we cannot look beyond his complaint to sustain his lawsuit. Given the facts admitted by the defendants, we find that Sivard's second amended complaint stated a Fourth Amendment claim in terms sufficient to preclude summary judgment against him.

The pertinent paragraphs of Sivard's second amended complaint are:

9. The Plaintiff, Harold E. Sivard, was wrongfully detained by the Pulaski County authorities between the dates of February 2, 1987 and March 26, 1987. That no charges were filed against the Plaintiff by the Defendants until February 19, 1987.

. . . .

11. That Plaintiff was wrongfully detained pursuant to the policy and custom of the defendants.

. . . .

14. That Defendant Charlotte Ward knew that the Plaintiff was held without charge from February 2, 1987 to February 19, 1987 and that she continued to detain Plaintiff without charge despite her knowledge.

. . . .

20. That despite Plaintiff's injury Plaintiff was wrongfully detained without medical treatment and without arraignment until March 26, 1987 by the Defendants, Pulaski County, Pulaski County Sheriff's Department, and Charlotte Ward.

. . . .

22. That Plaintiff's injury and wrongful detention were a direct result of the Defendant Pulaski County, Pulaski County Sheriff's Department and Charlotte Ward's actions, custom and policy.

. . . .

24. That contrary to the provisions of 42 U.S.C.A. Sec. 1983 and the Fourteenth Amendment to the United States Constitution defendants, under color of law, denied Harold E. Sivard rights and privileges due him under the United States Constitution and Indiana State Law.

■ This Court demands that plaintiffs suing a municipal body under § 1983 plead with greater specificity than might ordinarily be required.[14] We read Sivard's amended complaint to have satisfied that demand.[15]

■ The district court held, first, that Sivard's complaint did not mention the time at which he was taken before a judicial officer. Sivard's complaint, as quoted above, states clearly that "no charges were filed against" him "until February 19, 1987", and that he "was held without charge from February 2, 1987 to February 19, 1987". These two statements can only mean that Sivard was not charged, by a judicial officer, with the commission of a crime until he had been held for 17 days. It is not necessary even to say that we presume that "held without charge" includes "held without being brought before a judicial officer". It is the failure of the county to charge a detainee held subject to

---

**14.** *See Williams v. City of Chicago,* 658 F.Supp. 147, 150 (N.D.Ill.1987) (citing *Hossman v. Blunk,* 784 F.2d 793, 797 (7th Cir.1986) and *Strauss v. City of Chicago,* 760 F.2d 765 (7th Cir.1985) ("[T]o state a § 1983 claim against a municipality, a complaint should include something more than mere 'boilerplate' that simply repeats the language of court opinions which have defined municipal liability.")).

**15.** The appellees do not contend that Sivard may not take advantage of the Fourth Amend-

ment because his complaint failed to mention it. We note, however, that his reference to the Fourteenth Amendment is sufficient, as the nearly identical reference in *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) was sufficient to allow a federal court to consider a Fourth Amendment charge incorporated through the due process guarantee of the Fourteenth Amendment. *Id.* at 142, 99 S.Ct. at 2693.

a warrantless arrest with the commission of any crime that violates the Fourth Amendment. Furthermore, the defendants' own motion for summary judgment adds to Sivard's allegation an admission that he was not brought before a judicial officer on the charge for which he was arrested until February 19, 1987.[16] The hearing that the defendants admit did not take place until February 19 *is* the hearing owed to a detainee within 48 hours. A party opposing summary judgment generally bears an evidentiary burden at the summary judgment stage, but he satisfies that burden when his factual allegations are uncontested by the moving party. In this case, the legal burden has remained on Pulaski County to explain a 17-day detention before Sivard was charged.[17] It has not done so.[18]

The district court also held that even if Sivard was not taken promptly before a judicial officer, he did not show that any of the defendants were personally involved in the constitutional deprivation or that the deprivation resulted from a municipal policy or custom; both are necessary requisites for establishing liability in a defendant's individual or official capacity.[19]

■■■ Sivard's amended complaint is not specific in its allegations of Sheriff Ward–Tillett's personal involvement or of municipal custom behind his detention; but neither is it so vague as to deserve dismissal. As to Sheriff Ward–Tillett, it states that she knew of his wrongful detention and continued to detain him in spite of that knowledge. We hold that such an allega-

tion is sufficient to state a cause of action under § 1983 for a public official's personal involvement in an unconstitutional deprivation of due process. We also hold that the defendants' admission that Sivard was held in prison without charge for 17 days establishes the sheriff's *potential* liability in either her personal or official capacity, and also satisfies Sivard's burden at summary judgment. More proof—much more—will be necessary for him to prevail at trial, but at this stage he should not be denied that trial. The sheriff's mere denial of such knowledge is not enough; the material fact of that knowledge remains to be decided.

■■■ As for municipal liability, we find that Sivard's amended complaint also makes a showing of policy or custom that should survive a motion for summary judgment. The complaint mentions policy and custom twice. It states that Sivard "was wrongfully detained pursuant to the policy and custom of the defendants". It also states that his "injury and wrongful detention were a direct result of the Defendant Pulaski County, Pulaski County Sheriff's Department, and Charlotte Ward's actions, custom, and policy". These statements approach the level of boilerplate vagueness that this Court has ruled should not survive summary judgment. Without uncontroverted evidence of the length of his detention, and without the remaining question of when, and how, Pulaski County officials inquired into and learned of the Massachusetts indictment of Sivard (and, later, the warrant for his arrest), we might affirm the district court's summary dismissal of Sivard's contention that his detention

**16.** Citing the affidavit of Sheriff Charlotte Ward–Tillett, it states:

Plaintiff was brought before the Pulaski County Court of Indiana on February 19, 1987 where the Court approved probable cause and Mr. Sivard appeared in person for initial hearing on the State of Indiana's charges for battery. At this hearing Plaintiff was advised of his right to an attorney and based upon the Court's finding that Mr. Sivard was an indigent, an attorney was appointed to represent defendant. Mr. Sivard was further advised at the initial hearing of the charge filed against him, possible penalties and rights.

The defendants also attached to their motion for summary judgment a document entitled

"Court Docket Pulaski County Court of Indiana". Next to the date 2/19/87 it reads: Court approves probable cause. Defendant appears in person for initial hearing.... Defendant advised of right to an attorney.... Defendant is advised of charge, possible penalties and rights.

**17.** *County of Riverside v. McLaughlin,* —— U.S. at ——, 111 S.Ct. at 1670, 114 L.Ed.2d at 63.

**18.** As we held above, its defense of that detention as a detention while awaiting extradition lacks any factual support.

**19.** *See Rascon v. Hardiman,* 803 F.2d 269, 273–74 (7th Cir.1986).

was the product of some policy or custom. But we are not without such evidence and such remaining questions; we find that the inexplicable nature of Sivard's detention makes it seem within the realm of probability that some official policy was responsible for his excessively long detention.

In conclusion we note that summary judgment is a carrot to encourage the prompt resolution of meritless cases, not a stick to punish a plaintiff for not conducting discovery when the factual basis for his cause of action is admitted by the defendants. Mr. Sivard must develop more facts to prevail, but he should be allowed to proceed.

### B. *Inadequate Supervision and Treatment of Injuries*

Sivard contends that the county's delayed reaction to Lewis's suicide, its delay in affording him medical aid, and the alleged misdiagnosis by the doctor whom the county provided for his care were injuries for which the United State Constitution, through § 1983, offers him recovery. The district court, and we, disagree. We hold that his claims are not cognizable under the Constitution.

 This Court has already determined that even a negligent delay in seeking medical treatment does not show deliberate indifference to an inmate's constitutional rights.[20] A § 1983 claim must be based on deliberate indifference, not on mere inadvertence.[21] If any claim resulting from deliberate indifference arose from Darryl Lewis's attempted suicide in jail, it belongs to Lewis, not to Harold Sivard. Failure to respond to a suicide attempt, even if the jailors of Pulaski County did fail to respond, is not an injury inflicted deliberately on the apparent savior of the attempted suicide. Sivard does not allege that the deputies of the Pulaski County Jail knew that he had been injured in Lewis's suicide attempt before they arrived at his cell. He does not allege any action by those officials that would rise to the level of deliberate indifference to his constitutional rights.

 Sivard contends that Dr. Allman's treatment of his injury was so insufficient as to constitute "no treatment at all"; we agree with the district court's dismissal of that contention. Sivard does not allege that Dr. Allman ignored his injuries; his claim against Dr. Allman is one of simple malpractice. Simple malpractice does not create a claim for relief under the Eighth Amendment.[22] Sivard has alleged no material facts that would confer on him a cause of action under the Constitution for his injuries. The defendants were entitled to a summary judgment on these claims as a matter of law.

### III. CONCLUSION

The plaintiff stated his case for wrongful detention in legally sufficient terms; he established that questions of material fact remain as to the defendants' justification for that detention; the defendants are not entitled to a summary judgment as a matter of law. The plaintiff did not state his case for inadequate security, supervision, and medical care in terms cognizable under § 1983; the defendants were entitled to summary judgment in their favor as a matter of law. We REVERSE in part, AFFIRM in part, and REMAND.

---

20. *Shockley v. Jones,* 823 F.2d 1068 (7th Cir. 1987).

21. *Little v. Walker,* 552 F.2d 193, 197–98 (7th Cir.1977), *cert. denied,* 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978).

22. *See Kelley v. McGinnis,* 899 F.2d 612, 616 (7th Cir.1990) (requiring a plaintiff to allege deliberately ineffective treatment or deliberate indifference to his medical needs).