14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Richard A. GARTNER, Plaintiff-Appellant,
v.
BOARD OF EDUCATION OF MONTMORENCY COMMUNITY CONSOLIDATED
SCHOOL DISTRICT 145, Defendant-Appellee.
 No. 93-1332.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 14, 1993.
Decided Dec. 28, 1993.
Rehearing and Suggestion for Rehearing En Banc
Denied Jan. 31, 1994.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Richard A. Gartner filed this diversity suit against the Board of Education of Montmorency Community Consolidated School District No. 145 ("Board") for breach of contract. The district court adopted the recommendation of the magistrate judge granting summary judgment for the Board, and denied Gartner's motion for reconsideration under Federal Rule of Civil Procedure 59. We affirm.
 
 I.
 
 2
 Gartner entered into an employment contract with the Board on March 19, 1990. Under the terms of the contract, the Board agreed to employ Gartner as Superintendent of Schools from July 1, 1990, to June 30, 1993. In October, 1990, a grand jury in Whiteside County, Illinois, indicted Gartner on five felony counts under Illinois state law. The charges included theft, official misconduct, and eavesdropping. The grand jury later indicted Gartner on fourteen additional felony counts during the 1990-91 school year.
 
 
 3
 In April 1991, while the felony charges were pending, Gartner and the Board entered into a Leave of Absence Agreement which provided that Gartner would take a leave of absence from his position as superintendent until the earlier of August 15, 1991, or the date on which the pending felony charges against Gartner were concluded. The agreement also provided that if Gartner was not convicted of a felony offense at the conclusion of the criminal proceedings, Gartner could return to his superintendent position under the terms of his employment contract.
 
 
 4
 On August 6, 1991, Gartner mailed a document to the Board's attorney, Anthony Scariano, entitled "Resignation with Reservation of Rights," enclosed with a cover letter from Gartner's attorney, Franklin Wallace. The document stated in part that "I, Richard A. Gartner, hereby resign as Superintendent of Montmorency Community Consolidated School District No. 145, Whiteside County, Illinois effective August 13, 1991 at the end of the school day." The cover letter stated in its entirety:
 
 
 5
 Enclosed please find the original Resignation With Reservation of Rights which has now been executed by Richard A. Gartner which will become effective August 13, 1991 provided, however, that the plea agreement that has been entered into between myself and Gary Spencer, the State's Attorney for Whiteside County, relative to the disposition of the various charges against Dr. Gartner are disposed of pursuant to said plea agreement.
 
 
 6
 We are scheduled to appear in the Whiteside County Court on August 13, 1991 at 9:15 A.M. If this matter is resolved at that time you can consider this Resignation delivered and may act upon it. This Resignation is not to be considered delivered until such time as you hear from me on the 13th. I will be in contact with you immediately after the Court hearing.
 
 
 7
 However, in the event the matter is not disposed of pursuant to the plea agreement on August 13, 1991, the enclosed Resignation shall become ineffective and is not to be considered as a resignation by Dr. Gartner. Again, I will be in contact with you immediately after the hearing on the 13th.
 
 
 8
 Hopefully this matter will be resolved.
 
 
 9
 R. 33, Memorandum of Defendant in Support of its Motion for Summary Judgment on Count I of the Amended Complaint, Group Exhibit A (emphasis supplied).
 
 
 10
 On August 13, 1991, Gartner and his attorney appeared at the scheduled plea hearing. Gartner pleaded guilty to misdemeanor theft, and all of the felony counts were dismissed. Gary Spencer, the State's Attorney for Whiteside County, stated in an affidavit submitted by the defendants to the district court that, "[a]lthough not formally incorporated into the plea agreement, dismissal of felony charges was also expressly conditioned on Gartner's agreeing to immediately and permanently resign from employment as Superintendent." R. 33, Memorandum of Defendant in Support of its Motion for Summary Judgment on Count I of the Amended Complaint, Defendant's Exhibit II. The affidavit further stated that the judge at the hearing was advised of and agreed with the plea agreement "pre-condition" of resignation. Id.
 
 
 11
 Contrary to his assertion in the cover letter, Gartner's attorney did not immediately contact the Board's attorney after the hearing. In fact, Gartner's attorney never contacted the Board's attorney on August 13. State's Attorney Spencer, however, telephoned an attorney for the Board on August 13 and stated that Gartner had voluntarily entered into the plea agreement and was resigning as superintendent. At approximately 2:30 P.M. on August 13, Gartner sent a facsimile transmission to the Board which stated that Gartner was revoking and withdrawing his resignation. On August 15, 1991, the Board formally accepted Gartner's resignation. Gartner's attempts to return to his position as superintendent were denied by the Board.
 
 II.
 
 12
 We review the district court's grant of summary judgment de novo, applying the same standards as the district court. Sivard v. Pulaski County, 959 F.2d 662, 664 (7th Cir.1992). Under Illinois law,[1] "the resignation of an officer effective either forthwith or at a future date may not be withdrawn after such resignation is received by or filed with the officer authorized by law to fill such vacancy." People ex rel. Adamowski v. Kerner, 167 N.E.2d 555, 558 (Ill.1960). "[P]ublic policy requires that there be certainty as to who are and who are not public officers. Otherwise, there is doubt and confusion which leads to needless litigation." Id. Under Kerner, Gartner's resignation was final after it was received by the Board's attorney and thereafter could not be withdrawn.[2]
 
 
 13
 Gartner seeks to avoid this result by relying exclusively on the decision of the Illinois Supreme Court in City of Chicago ex rel. Martin-Trigona v. O'Malley, 372 N.E.2d 671 (Ill.1978). In that case, Patrick O'Malley, a director of the Regional Transportation Authority, delivered a letter to the office of Chicago Mayor Michael Bilandic which stated, in relevant part, "I today tender my resignation as a Director of the Regional Transportation Authority effective at your convenience." Id. at 672-73. The Illinois Supreme Court held that Kerner was inapplicable because O'Malley's letter was "a conditional resignation which requires acceptance before it becomes effective." Id. at 675 (emphasis in original). The Supreme Court further stated that "[t]he clear language of the letter of resignation 'effective at your convenience' is an indication that the resignation is not to be effective immediately. It required some act of acceptance by the mayor to make it viable." Id. (citations omitted). Gartner argues that, like the letter in O'Malley, his resignation was conditioned on his attorney contacting the Board's attorney on August 13.[3]
 
 
 14
 Gartner's argument encounters several obstacles. First, the contact by Gartner's attorney fails to meet common definitions of a "condition." A "condition" is defined by Black's Law Dictionary as "[a] future and uncertain event upon the happening of which is made to depend the existence of liability under a contract to a certain future event." Black's Law Dictionary 293 (6th ed. 1990). The Restatement Second of Contracts contains a similar definition: "an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under a contract becomes due." Restatement (Second) of Contracts Sec. 224 (1981). The cover letter clearly communicates that the only event which was uncertain was the disposition of the felony charges against Gartner pursuant to the terms of the plea agreement. The cover letter further implies that communication between Gartner's attorney and the Board's attorney was certain since Gartner's attorney promised that he would "be in contact with you immediately after the hearing on the 13th." Thus, the contact by Gartner's attorney after the hearing cannot be said to be a "condition."
 
 
 15
 Second, the contact by Gartner's attorney is not described in the letter by provisional language commonly used to establish express conditions. Such language includes "if," "on condition that," "provided that," "in the event that," and "subject to." Stadefer v. Thompson, 939 F.2d 161, 164 (4th Cir.1991); Burgess Constr. Co. v. M. Morrin & Son Co., Inc., 526 F.2d 108, 113 (10th Cir.1975), cert. denied, 429 U.S. 866 (1976); E. Allen Farnsworth, Contracts Sec. 8.2 at 565 (2d ed. 1990). Rather, provisional language was only used to describe the disposition of the felony charges against Gartner pursuant to the plea agreement, which subsequently occurred.
 
 
 16
 Third, Gartner's argument ignores clear statements in the cover letter to the contrary. The letter states that "[w]e are scheduled to appear in the Whiteside County Court on August 13, 1991 at 9:15 A.M. If this matter is resolved at that time you can consider this Resignation delivered and may act upon it. This Resignation is not to be considered delivered until such time as you hear from me on the 13th." R. 33, Memorandum of Defendant in Support of its Motion for Summary Judgment on Count I of the Amended Complaint, Group Exhibit A. If Gartner's attorney had intended that contact between him and the Board's attorney be a condition to the resignation, he would not have told the Board that it could act upon the resignation if the charges were resolved at the hearing. Gartner's attorney also would not have used the preposition "until" preceding the description of the communication between the attorneys; a preposition such as "unless" would have been more appropriate.
 
 
 17
 Gartner argues in the alternative that, even if his resignation was unconditional under O'Malley, Gartner effectively revoked his resignation because the final prerequisite to its delivery, his attorney's contacting the Board, never occurred. This argument fails because Kerner holds that a resignation which is effective at a future date is final and may not be withdrawn after receipt by the officer authorized by law to fill the vacancy. Kerner, 167 N.E.2d at 558. To the extent that Gartner's argument rests upon the premise that communication between the attorneys was a condition to the resignation, it is without merit for the reasons set forth above.
 
 III.
 
 18
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 The jurisdictional basis of this case was diversity of citizenship under 28 U.S.C. Sec. 1332, and therefore the substantive law of Illinois applies. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 79-80 (1938); Prince v. Zazove, 959 F.2d 1395, 1401 (7th Cir.1992)
 
 
 [2]
 At oral argument, Gartner's attorney challenged the magistrate judge's finding that the Board's attorney was an appropriate agent to receive communication on behalf of the Board. This issue was not raised in Gartner's brief on appeal, and therefore we decline to consider it. Cannon v. Teamsters & Chauffeurs Union, Local 627, 657 F.2d 173, 177 (7th Cir.1981); see Fed.R.App.P. 28(a)(5)
 
 
 [3]
 The Board and Gartner spend much effort in their briefs contesting whether or not the withdrawal of Gartner's resignation is supported by public policy. We do not address this issue because Gartner's arguments clearly fail under Illinois law