United States Court of Appeals,

Eleventh Circuit.

No. 94-5300.

Fernando Alberto ORTEGA, Plaintiff-Appellant,

v.

W. CHRISTIAN, Officer, individually, and as police officer for
Metro-Dade Police Department; Fred Taylor, individually as
Director/Chief of Police of Metro-Dade Police Department, Metro-
Dade Police Department, a political subdivision of Dade County,
Florida, Defendants-Appellee.

June 25, 1996.

Appeal from the United States District Court for the Southern
District of Florida. (No. 94-965-CIV-JLK), James Lawrence King,
Judge.

Before HATCHETT and BARKETT, Circuit Judges, and OAKES[*], Senior
Circuit Judge.

HATCHETT, Circuit Judge:

Appellant, Fernando Alberto Ortega, appeals the district

court's order granting a judgment on the pleadings in favor of

appellees, Officer William Christian, Chief Fred Taylor, and the

Metro-Dade Police Department on his claims for false arrest and

false imprisonment under 42 U.S.C. § 1983. We reverse.

FACTS

On January 21, 1992, the Metro-Dade Police Department (MDPD)

received a report of a robbery and kidnapping. On January 23,

1992, a confidential informant informed the MDPD and Officer

Christian that an organized group of which he was a member

committed the robbery. The informant stated that he knew the

member who committed the robbery, provided the address of the

_____

[*]Honorable James L. Oakes, Senior U.S. Circuit Judge for the
Second Circuit, sitting by designation.

alleged robber's residence, and proceeded with Christian to that address.  That address belonged to Ortega's brother.

Upon arrival at the address, the informant identified Ortega and his brother as the men who committed the robbery.  Christian immediately arrested both men and searched the residence.  Ortega proclaimed his innocence and requested an opportunity to prove a case of mistaken identity.  Christian refused to comply with Ortega's request and failed to make any inquiries into the claims of innocence.  The MDPD held Ortega in custody for five months without bond until Ortega's bond hearing on June 3, 1992.  At the bond hearing, the court ordered the release of Ortega from custody.

The victim of the robbery never identified Ortega as the person who committed the robbery.  Ortega, however, repeatedly proclaimed his innocence and demanded an opportunity to appear in a line-up or a photo spread.  The MDPD scheduled and cancelled Ortega for a line-up or photo spread on three separate occasions—April 24, April 30, and May 14—during the five months of his incarceration.

PROCEDURAL HISTORY

On April 22, 1994, Ortega filed a complaint in the state courts against Officer William Christian, in his individual capacity, Chief Fred Taylor, in his individual capacity, and the Metro-Dade Police Department, seeking damages pursuant to 42 U.S.C. § 1983 and common law on claims of false arrest and false imprisonment.  The appellees-defendants removed the case from state court to federal court.  Accepting as true the facts presented in Ortega's complaint, the appellees filed a motion for judgment on

the pleadings. After a time extension, Ortega filed a memorandum in opposition to appellees' motion for judgment on the pleadings. The district court granted appellees' motion for judgment on the pleadings finding that probable cause existed to arrest Ortega; therefore, Ortega could not prevail on a false arrest claim under common law or section 1983. Additionally, the district court held that Ortega's false imprisonment claim, which was predicated on the false arrest claim, failed under common law and section 1983. Ortega filed a timely motion for reconsideration of the order, which the district court denied.

## CONTENTIONS

Ortega contends that Christian lacked probable cause to arrest him because Christian had no information that could have led him to believe that Ortega participated in the robbery, or lived at the address that the informant provided. Next, Ortega contends that his detention, which followed the unlawful arrest, violated his constitutional rights under section 1983, and that his false arrest claim is separate and distinct from his false imprisonment claim.

Appellees, on the other hand, argue that the facts alleged in the complaint show that Christian had probable cause to arrest Ortega and that probable cause is a complete defense to both Ortega's false arrest and false imprisonment claims.

## ISSUES

The issues we address are: (1) whether Christian had probable cause to arrest Ortega and (2) whether Ortega's detention constituted a false imprisonment.

## DISCUSSION

The district court granted appellees' motions for judgment on the pleadings against Ortega and denied Ortega's motion for reconsideration. The district court found that Christian had probable cause to arrest Ortega, thus, precluding Ortega's false arrest and imprisonment claims under section 1983. Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 12(c). When reviewing a judgment on the pleadings, we accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Swerdloff v. Miami National Bank,* 584 F.2d 54, 57 (5th Cir.1978); *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church,* 887 F.2d 228, 230 (9th Cir.1989).[1] Accordingly, a judgment on the pleadings is a decision on the merits, and we review it *de novo. General Conference Corp.,* 887 F.2d at 230.

A. False Arrest

A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim. *Marx v. Gumbinner,* 905 F.2d 1503, 1505 (11th Cir.1990). An arrest made with probable cause, however, constitutes an absolute bar to a section 1983 action for false arrest. *Marx,* 905 F.2d at 1505. Probable cause to arrest exists if the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe,

---

[1]The Eleventh Circuit adopts as binding precedent, all decisions which the former Fifth Circuit made prior to October 1, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).

under the circumstances shown, that the suspect has committed or is committing an offense. *Marx,* 905 F.2d at 1505. Probable cause does not require overwhelmingly convincing evidence, but only "reasonably trustworthy information." *Marx,* 905 F.2d at 1506 (citing *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225-26, 13 L.Ed.2d 142 (1964)). In this case, we must determine whether a reasonable officer in the same circumstances and possessing the same knowledge as Christian could have believed that probable cause existed to arrest Ortega for the suspected robbery. *Pickens v. Hollowell,* 59 F.3d 1203, 1206 (11th Cir.1995).

As a basis for a finding of probable cause, Christian relied on information from a confidential informant identifying the perpetrator of a crime. Ortega argues that informant information alone cannot sufficiently support a finding of probable cause. In determining whether an informant's tip rises to the level of probable cause, we assess the totality of the circumstances. *United States v. Gonzalez,* 969 F.2d 999, 1002 (11th Cir.1992); *United States v. Campbell,* 920 F.2d 793, 796-97 (11th Cir.1991). We consider the relevance of factors such as the informant's "veracity," "reliability," and "basis of knowledge." *Gonzalez,* 969 F.2d at 1003 (citing *Illinois v. Gates,* 462 U.S. 213, 230, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983)). In addition, the corroboration of the details of an informant's tip through independent police work adds significant value to the probable cause analysis. *Gonzalez,* 969 F.2d at 1003.

In this case, we find that the informant's tip lacked essential elements that would have given Christian probable cause

to believe Ortega participated in the robbery. Appellees argue that the information Christian received from the informant established probable cause because the informant made statements against his penal interests and as a member of the gang had personal knowledge of the perpetrators. First, making a statement against one's penal interests without more will not raise an informant's tip to the level of probable cause required under the Fourth Amendment. *United States v. Martin,* 615 F.2d 318, 325 (5th Cir.1980). Second, no evidence in the complaint demonstrates a past history between the informant and Christian or the MDPD, which could lend support for the informant's veracity and reliability. Third, although the informant admitted having membership in the gang, no evidence shows that the informant actually knew Ortega, that Ortega belonged to the gang, that a gang existed, or that Ortega participated in the commission of the crime. *United States v. Reyes,* 792 F.2d 536, 539 (5th Cir.1986) ("an informant's tip is buttressed [through] the fact that it is based on his own personal observation rather than hearsay"). Lastly, the complaint does not reveal that Christian took any independent steps to investigate the informant's tip or had any evidence prior to arresting Ortega which would have corroborated the informant's identification of Ortega as a perpetrator in the commission of the crime. *Gonzalez,* 969 F.2d at 1003; *see also Jones v. United States,* 362 U.S. 257, 269, 80 S.Ct. 725, 735, 4 L.Ed.2d 697 (1960) (an officer "may rely upon information received through an informant ... so long as the informant's statement is reasonably corroborated [through] other matters within the officer's knowledge.").

For the foregoing reasons, we hold that Christian lacked probable cause to arrest and detain Ortega. *Cf. Swint v. City of Wadley,* 51 F.3d 988, 996-98 (11th Cir.1995) (probable cause to arrest and detain one suspect does not extend to another person in mere propinquity to that suspect). We also hold that Ortega has made a valid false arrest claim under section 1983 against Christian. We dismiss, however, the false arrest claims against Taylor and the MDPD. Taylor and the MDPD cannot be held liable for the unreasonable actions that Christian, the arresting officer, pursued. No evidence exists here that indicates Taylor or the MDPD approved of Christian's decision to arrest based on the limited information he possessed. *Hill v. Clifton,* 74 F.3d 1150, 1152 (11th Cir.1996) ("A city may be held responsible where the authorized policymakers "approve a subordinate's decision and basis for it.' "); *Cannon v. Macon County,* 1 F.3d 1558, 1565 ("it is difficult to see how the Sheriff would have final authority over who each deputy arrest and whether a deputy has probable cause to arrest and/or hold arrestee" (quoting *Cannon v. Macon County,* 90V-1132-E (Dec. 19, 1990))).

B. False Imprisonment of Ortega

Because we have already determined that Christian lacked probable cause to arrest Ortega, we now hold that Ortega's detention pursuant to that arrest constituted false imprisonment under section 1983.

A detention on the basis of a false arrest presents a viable section 1983 action. *Reeves v. City of Jackson,* 608 F.2d 644 (5th Cir.1979) (section 1983 claims for false arrest and false

imprisonment presented where, without probable cause, officers arrested and detained stroke victim in belief he was intoxicated); *see also Cannon,* 1 F.3d at 1562 ("a detention on the basis of misidentification may present a viable section 1983 claim"). A false imprisonment claim under section 1983 is based on the protection of the Fourteenth Amendment against deprivations of liberty without due process of law. *Baker v. McCollan,* 443 U.S. 137, 142, 99 S.Ct. 2689, 2693-94, 61 L.Ed.2d 433 (1979). Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest. *Groman v. Township of Manalapan,* 47 F.3d 628, 636 (3d Cir.1995). This false imprisonment claim under section 1983 is grounded in the Fourth Amendment's guarantee against unreasonable seizures. *Groman,* 47 F.3d at 636; *see also Gerstein v. Pugh,* 420 U.S. 103, 125, 95 S.Ct. 854, 868-69, 43 L.Ed.2d 54 (1975) (The Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite to detention of a prisoner arrested upon information filed by the state prosecutor). Additionally, we note that, under certain circumstances, a detention following a valid arrest may present a viable section 1983 claim where the detainee protests the detention on the basis of misidentification. *Cannon,* 1 F.3d at 1562 (citing *Baker v. McCollan,* 443 U.S. 137, 145, 99 S.Ct. 2689, 2694-95, 61 L.Ed.2d 433 (1979)).

Under section 1983, Ortega must meet the elements of common law false imprisonment and establish that the imprisonment resulted in a violation of due process rights under the Fourteenth

Amendment.[2]  *Cannon,* 1 F.3d at 1562-63 (citing *Douthit v. Jones,* 619 F.2d 527 (5th Cir.1980).  The complaint contains facts that satisfy the section 1983 standard for false imprisonment.  The complaint demonstrates that as a result of the unlawful arrest, appellees detained Ortega for five months without conducting a line-up or affording other opportunities for him to prove his innocence.  Ortega had a constitutional right to be free from detention where the circumstances and facts under Christian's consideration demonstrated that Christian clearly lacked probable cause to make an arrest.  *Cannon,* 1 F.3d at 1563.  In light of the sparse information Christian had when he made the arrest, Christian knew or should have known that the imprisonment of Ortega may have constituted an unlawful imprisonment under section 1983 in violation of the Fourteenth Amendment.  *Cannon,* 1 F.3d at 1563.

From the facts and law in this case, we hold that Ortega has established a valid false imprisonment claim under § 1983 against Christian.  As to the claim against Taylor and the MDPD, we cannot determine from the facts as set forth in the complaint whether those parties are subject to section 1983 liability for Ortega's detention.  Although Ortega simply makes "boilerplate allegations" about those parties' involvement, we remain uncertain about all of the circumstances surrounding Ortega's five month detention. *Sivard v. Pulaski County,* 959 F.2d 662, 668-669 (7th Cir.1992).  We believe that Ortega's vague allegations sufficiently state a cause of action requiring further proceedings to fully develop the

---

[2]Ortega must prove (1) intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm.

record.  *Sivard,* 959 F.2d at 668.  Accordingly, we hold that Taylor and the MDPD are not entitled to judgment as a matter of law at the pleadings stage on the false imprisonment claim under section 1983. *Swint,* 51 F.3d at 999-1000;  *Swerdloff,* 584 F.2d at 60;  *Sivard,* 959 F.2d at 668-69 (reversing summary judgment because of the "inexplicable nature of [plaintiff's] detention").

C. Qualified Immunity and Ortega's Section 1983 Claims

Due to the posture of the case, the district court did not discuss qualified immunity.  Consequently, that issue is not ripe for our review.

## CONCLUSION

For the foregoing reasons, we conclude that Ortega established valid claims of false arrest and false imprisonment under section 1983 against Christian.  We affirm the dismissal of the false arrest claim against Taylor and the MDPD and remand the false imprisonment claim under section 1983 against Taylor and the MDPD for further proceedings.

REVERSED and REMANDED.