[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 28, 2010
JOHN LEY
CLERK

_____

No. 09-11599
Non-Argument Calendar

_____

D. C. Docket No. 06-01046-CV-JOF-1

FRANK A. HOWELL, SR.,

Plaintiff-Appellant,

versus

CITY OF LITHONIA,
LITHONIA POLICE DEPARTMENT,
WILLIE J. ROSSER, Chief of Police,
COREY E. BLACKMON, Police Officer,
JOHN DOE, I,
JOHN DOE, II,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 28, 2010)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Frank A. Howell, Sr., proceeding pro se, appeals the grant of summary judgment in favor of defendants in Howell's 42 U.S.C. § 1983 lawsuit. No reversible error has been shown; we affirm.

In his complaint, Howell raised claims of false arrest and excessive force in violation of the Fourth Amendment based on allegations stemming from an incident that occurred in a Lithonia, Georgia, public park. According to Howell, he entered the park in his car at about 7:30 a.m. While inside his parked car, he had a cold, wet towel to his forehead as part of a morning ritual he performed before reading his Bible in the park. About an hour later, Officer Corey Blackmon observed Howell in his car and approached him in Blackmon's police car. Blackmon accused Howell of sleeping in the park overnight; Howell denied the accusation. Blackmon asked Howell to leave the park, but Howell refused because he thought he had a right to be there. When Howell would not leave the park, Blackmon got out of his car, opened Howell's car door, dragged him out of the car, pushed him against the police car, pushed his face into the hood, and arrested him. Blackmon did not explain to Howell why he was arrested, and only later did Howell learn that it was for obstruction of an officer. The charge later was

2

dismissed. Howell also named as defendants the City of Lithonia and Chief of Police Willie Rosser.[1]

The district court determined that (1) Blackmon was entitled to qualified immunity in his individual capacity because he had arguable probable cause to arrest Howell and had not used excessive force in effectuating the arrest; (2) Howell had asserted no basis for municipal liability against the City; and (3) Rosser had not personally participated in the allegedly unconstitutional acts so could not be liable.

On appeal, Howell challenges the district court's arguable probable cause determination. We review a district court's grant of summary judgment de novo; and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. Skop v. City of Atlanta, 485 F.3d 1130, 1136 (11th Cir. 2007).

To show entitlement to qualified immunity, "the defendant government official must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Jordon v. Doe, 38 F.3d 1559, 1565 (11th Cir. 1994) (internal quotations omitted). Discretionary authority

---

[1]Howell alleged that he earlier had spoken to Rosser about the police harassment Howell experienced in the park. On the day of his arrest, Howell believed that he was under Rosser's protection and he sought to call Rosser via 911. But Blackmon, after speaking to someone on his cell phone, arrested Howell before Howell could talk to Rosser.

3

includes all acts of a governmental official that were (1) undertaken pursuant to the performance of his duties and (2) within the scope of his authority. Id. at 1566. Here, making an arrest clearly fell within the scope of Blackmon's authority as a police officer. The burden then shifts to the plaintiff to show that (1) the facts, as alleged and viewed in the light most favorable to the plaintiff, establish a constitutional violation and (2) given the circumstances, the constitutional right violated clearly was established. Id. at 1565.

A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim. Ortego v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996). But even if an officer did not have actual probable cause to arrest a person, he can still be entitled to qualified immunity if he had arguable probable cause: "that is, whether reasonable officers in the same circumstances and possessing the same knowledge as the Defendant[] *could have believed* that probable cause existed to arrest." Skop, 485 F.3d at 1137 (citation and internal quotation omitted) (emphasis in original). To determine whether arguable probable cause exists, courts must look to the totality of the circumstances. Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

Here, the undisputed facts show that (1) Blackmon had observed Howell's parked car at the park on the evening before Howell's arrest, (2) Blackmon

4

observed the car parked in the same spot the next morning after the park had opened; (3) Howell had a bowl of water and a towel or rag in the car that morning; and (4) Blackmon testified that it looked like Howell was bathing himself. On these facts, a reasonable officer in Blackmon's position could have concluded that Howell had spent the night in the park after it was closed; and this act would have violated the local ordinance setting forth that the park is closed between dark and 7 a.m. That Blackmon did not arrest Howell for sleeping in the park but, instead, for obstructing an officer does not change that Blackmon had arguable probable cause to arrest him. See Devenpeck v. Alford, 125 S.Ct. 588, 594 (2004) (an officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause").

We also conclude that Blackmon did not lose qualified immunity by using excessive force. "[T]he application of de minimis force, without more, will not support" an excessive force claim. Nolin v. Isbell, 207 F.3d 1253, 1257 (11th Cir. 2000). Blackmon's acts in taking Howell out of his car and pushing him against the police car to effectuate an arrest constituted de minimis force; and Howell suffered only soreness as a result of the force used. Id. at 1258 (concluding that only de minimis force was used when officer grabbed the plaintiff, shoved him a few feet against a vehicle, pushed his knee into plaintiff's back, pushed plaintiff's

5

head against the van, searched plaintiff's groin area in an uncomfortable manner, and placed plaintiff in handcuffs, all resulting in only minor bruising). The amount of force used by Blackmon certainly was not so great that every reasonable officer in Blackmon's position would have concluded that the force was unlawful. See Lee v. Ferraro, 284 F.3d 1188, 1198-99 (11th Cir. 2002) (discussing the standards under which qualified immunity can be stripped in cases of excessive force).

We conclude that no constitutional violation occurred; and if one occurred, Blackmon was entitled to qualified immunity in his individual capacity.[2] Because Blackmon committed no constitutional violation, Howell cannot show a basis on which to establish municipal liability against the City or supervisory liability

---

[2]The court correctly determined that Blackmon could not be sued in his official capacity because, in his official capacity, he was not a person within the meaning of section 1983. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2312 (1989).

6

against Rosser.[3]

AFFIRMED.

---

[3]Howell attempts to establish Rosser's liability by claiming that Rosser personally directed Blackmon to arrest Howell based on a telephone conversation that occurred between Blackmon and Rosser immediately before the arrest. But the evidence, even when taken in the light most favorable to Howell, does not lead to a reasonable inference that Howell's arrest was the result of a decision by Rosser. Howell testified that he could not hear what Blackmon was saying on the phone just before Howell's arrest; and Blackmon testified that Rosser told him to "do what [he] ha[d] to do" if, in fact, Howell had been sleeping in the park. Thus, even if Blackmon lacked probable cause, Howell did not set forth the necessary causal connection between the acts of a supervising official and the alleged constitutional deprivation to establish supervisory liability under section 1983. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).