[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15030
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-00259-KD-N

DANIEL WADE HAILS,

Plaintiff-Appellee,

versus

TIMOTHY TRENT DENNIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 22, 2019)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Timothy Trent Dennis appeals the district court's order denying in part his motion for summary judgment based on qualified immunity in an action filed by Daniel Wade Hails under 42 U.S.C. § 1983. Dennis contends that the district court erred in holding that he was not entitled to qualified immunity on Hails' claims of false arrest and false imprisonment.

I.

In April 2018 Hails filed an amended complaint against Dennis alleging false arrest, false imprisonment, and malicious prosecution in violation of his Fourth Amendment rights. In September 2018 Dennis filed a motion for summary judgment asserting qualified immunity among other affirmative defenses.

In his motion Dennis described the facts underlying the complaint as follows. On June 9, 2015 at approximately 8:30 p.m. Dennis responded in his capacity as a Silverhill police officer to a complaint that a man was firing shots on Hails' property. Dennis attempted to make contact with Hails but was unable to do so because Hails' home sat back approximately 180 feet from the road and was separated from the road by a fence with a gate that was padlocked shut. Dozens of trees in Hails' front yard obscured visibility. Dennis returned at approximately 10:30 p.m. to respond to another complaint. Through the fence Dennis saw a person sitting on the front porch. Dennis activated the emergency lights on his patrol car and blew an air horn three times. He then climbed on the fence,

2

identified himself as a police officer, and said that he needed to speak with Hails. Hails waived at Dennis, produced a rifle, aimed it at Dennis, and fired a shot towards him. Dennis retreated to his patrol car and called dispatch. The Baldwin County Sherriff's Department SWAT team arrived and tried to communicate with Hails using an intercom, lights, and sirens. When those efforts were unsuccessful they twice deployed tear gas into Hails' home until he came out. Hails was arrested and taken into custody. He spent four months in Baldwin County jail. Dennis swore out a warrant for Hails' arrest and he was charged with attempted murder. Dennis attached to his motion a 2015 order from the Baldwin County district court finding that there was probable cause for Hails' arrest. He also attached a 2015 indictment for attempted murder and a 2016 state court order dismissing the case for want of prosecution.

Also attached to Dennis' motion was Hails' deposition, which recounted a very different version of what transpired on the night of June 9, 2015. At the deposition Hails testified that he used a jug and a tree stump for target practice in his front yard and always shot forward from his house at the back of the lot. He testified that his neighbors had never previously complained because he lives "out in the country" where he hears gunfire "night and day." He testified that on June 9 he fired one shot around 8:30 p.m. and a second shot around 9:30 p.m. He did not see or hear any of the efforts to communicate with him until he woke up in "the

3

middle of the night" and saw police lights and an armored vehicle sitting at his gate. He "went into a panic" for his dog's safety and placed the dog in his bedroom. He then exited his house with his hands up and was arrested. Hails also testified that he believed that Dennis' claim that he saw someone sitting on Hails' porch was a false statement because there is no clear line of sight to the porch even during the daytime due to the dozens of trees obscuring visibility. He maintained that it would be impossible to see someone sitting on his front porch in the "[p]itch black dark sixty yards away."

In October 2018 Hails filed a motion in opposition to Dennis' motion for summary judgment. He alleged that Dennis fabricated his story about Hails firing at him, that Dennis lied to the magistrate judge to secure a warrant, and that Dennis did not appear to testify at trial for Hails' criminal conviction for these reasons. He contended that photographic evidence that he submitted depicting the view of his property from the street demonstrated that Dennis' account had to be false because of the lack of visibility.

The following week Dennis filed a reply and attached an excerpt of Silverhill Police Chief Kimberly Wasdin's testimony from Hails' bond hearing. Wasdin testified that officers recovered a spent rifle cartridge in Hails' yard near the area where Dennis had described Hails as standing when he shot at him. They also discovered several spent shotgun shells on the porch and in the living room.

Wasdin testified that they "were unable to determine where the actual projectile had went to [sic] from the shot that was fired."

In November 2018 the district court issued an order granting Dennis' motion for summary judgment with respect to Hails' malicious prosecution claim, but denying it with respect to his false arrest and false imprisonment claims. The court found that while a grand-jury indictment is a defense to malicious prosecution, Dennis was not entitled to qualified immunity on Hails' false arrest and false imprisonment claims because Hails' testimony and photographic evidence created a genuine issue of material fact as to whether Dennis had arguable probable cause to arrest Hails. Dennis now appeals, contending that he is entitled to qualified immunity from Hails' false arrest and false imprisonment claims.

II.

We review de novo a district court's order denying summary judgment and concluding that a defendant is not entitled to qualified immunity. Alcocer v. Mills, 906 F.3d 944, 950 (11th Cir. 2018). "In doing so, we resolve all issues of material fact in favor of the plaintiff" and then "determine whether, based on this version of the facts, Defendants are entitled to qualified immunity." Id.

Summary judgment should be granted only when the moving party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To

5

determine if the moving party has shown that there is no genuine issue as to any material fact we must ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986).

To receive qualified immunity an official must first "establish that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1199 (11th Cir. 2007). The burden then shifts to the plaintiff to show that: (1) the defendant violated a constitutional right, and (2) the violation of the right was clearly established. Id. at 1199–1200.

An arrest made without arguable probable cause violates the arrestee's clearly established Fourth Amendment right to be free from unreasonable seizures. Skop v. City of Atlanta, 485 F.3d 1130, 1143 (11th Cir. 2007). "A detention on the basis of a false arrest presents a viable section 1983 action" for false imprisonment. Ortega v. Christian, 85 F.3d 1521, 1526 (11th Cir. 1996). "Probable cause exists where the facts within the collective knowledge of law enforcement officials, derived from reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that a criminal offense has been or is being committed." Brown v. City of Huntsville, 608 F.3d 724, 734

(11th Cir. 2010). An officer need not have actual probable cause to receive qualified immunity, but may merely have arguable probable cause. Id. Arguable probable cause exists where "reasonable officers in the same circumstances and possessing the same knowledge as the Defendant[] could have believed that probable cause existed to arrest Plaintiff." Id. (quotation marks omitted).

Here, the district court did not err in concluding that Dennis was not entitled to qualified immunity on Hails' false arrest and false imprisonment claims. Even if we assume that Dennis was acting within the scope of his discretionary authority, there is a genuine dispute of material fact as to whether he had arguable probable cause to arrest Hails. As a result, there is also a genuine dispute of material fact about whether he violated Hails' well-established Fourth Amendment rights by arresting and imprisoning him.

At the summary judgment stage we must resolve all issues of material fact in Hails' favor and determine whether Dennis would be entitled to sovereign immunity based on that version of the facts. See Alcocer, 906 F.3d at 950. Hails contends that on June 9, 2015 the last round he fired was at 9:30 p.m., about an hour before Dennis contends Hails shot at him, and that it would be impossible for Dennis to see Hails on his porch at nighttime. Accepting that as true, as we must, there was no arguable probable cause for Dennis to arrest Hails because a reasonable officer could not have believed that Hails was committing a crime.

7

Dennis argues that he had arguable probable cause because a reasonable officer who "knew that shots had been fired on the property earlier that evening and [that] a shot was fired when he was present at the scene" could believe that Hails was committing attempted murder.  But this ignores the evidence Hails has presented that creates a genuine issue of material fact as to whether Dennis did in fact believe that a shot was fired "when he was present at the scene."  As the district court pointed out, "Dennis' credibility is still the issue" and "[o]nly  a factfinder . . . may determine credibility."  See Skop, 485 F.3d at 1141 (finding that determining whether arguable probable cause existed based on a "highly disputed factual record" was "exactly the sort of factual, credibility-sensitive task best left to the jury").

**AFFIRMED.**