Corey James **DORSEY** and William Lee, Plaintiffs,

v.

Derreck **WALLACE,** Officer A.M. Wright, in his individual and official capacities, Officer C.A. Smith, in his individual and official capacities, Jamal Freer, Kelleita Thurman, in her individual and official capacities, City of Atlanta, Pepper Boys, Inc. d/b/a Club Chili Pepper, Eric Levin, individually and d/b/a the Chili Pepper, Andrew Yackman, individually and d/b/a the Chili Pepper, Jerell Allen, individually and d/b/a Midnight Marauders, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, John Doe 8, John Doe 9, and John Doe 10, Defendants.

No. CIV.A.1:00CV691CAP.

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 17, 2000.

Neal Henry Howard, Neal H. Howard & Associates, Atlanta, GA, for plaintiffs.

Walter Lewis Fortson, Fortson & Associates, Decatur, GA, pro se.

Richard Arnold Grossman, Susan Pease Langford, Risa B. Lischkoff, William H. McLean, IV, Tuwanda Rush Williams, Office of Atlanta City Attorney, Law Department, Mohammed Kasim Reed, William K. Whitner, Paul Hastings Janofsky & Walker, Cary Stephen Wiggins, Steven M. Youngelson, Office of Steven M. Youngelson, Joann Brown Williams, Neal H. Howard & Associates, Atlanta, GA, for defendants.

Derreck Wallace, New Orleans, LA, pro se.

## ORDER

PANNELL, District Judge.

This matter is currently before the court on the City of Atlanta's ("Atlanta"), Officers A.M. Wright, Kellita Thurman, and C.A. Smith's (the "defendants")[1] motion to dismiss. The plaintiffs brought the instant

---

1. As they have not filed a motion to dismiss, the court does not address the merits of the claims against the other defendants. Officer Smith filed a separate motion to dismiss and a motion to adopt the argument of the other instant defendants' motion to dismiss. Officer Smith's motion to dismiss, though brought separately, merely states that all the arguments in the defendants' initial motion to dismiss as they relate to Officer Wright are equally applicable to him. The brief attached to his separate motion is in fact a supplemental brief in support of the defendants' initial motion to dismiss. Accordingly, for simplicity and in the interests of judicial efficiency, the court deems Officer Smith's motion and its brief as if brought by all the instant defendants, and applicable to the City and Officers Smith, Wright and Thurman.

action, pursuant to 42 U.S.C. § 1983, alleging that the defendants by their actions and/or omissions harmed them.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The defendants, pursuant to 28 U.S.C. §§ 1441 and 1446, and Fed.R.Civ.P. 81(c), removed the action to this court from the State Court of Fulton County, Georgia. By its previous order, dated June 15, 2000, the court granted in part and denied in part the defendants' initial motion to dismiss, by dismissing the plaintiff's Eighth Amendment claim and ordering them to amend their Complaint to conform to the Eleventh Circuit's heightened pleading requirements for Section 1983 claims. They complied by filing their First Amended Complaint on July 17, 2000. The defendants instant motion to dismiss argues that the plaintiffs have failed to articulate facts sufficient to allege a constitutional violation and thus fail to meet pleading requirements of a Section 1983 claim.

The plaintiffs brought the action in tort, alleging negligence, violation of Section 1983, false arrest, false imprisonment, and malicious prosecution. The complaint alleges that on July 14, 1999, the plaintiffs were involved in an altercation with the defendant, Derreck Wallace, at the Club Chili Pepper (the "Club") in Atlanta, Georgia. Both the plaintiffs were shot by non-Atlanta personnel on or near the Club's premises. Upon discovering the plaintiffs, Atlanta employees called for emergency medical services to transport them to Grady Hospital. While there, two of the defendants, Officers Wright and Smith cited and arrested the plaintiffs for simple battery, pursuant to O.C.G.A. § 16–5–23. The officers handcuffed Mr. Dorsey to his bed rail and then, transported him from Grady Hospital to the Fulton County Jail, allegedly before certain bullet fragments could be removed from his thigh. The charges against both plaintiffs were subsequently dismissed.

The plaintiffs allege that all of the defendants, who were employed by the Atlanta Police Department, violated their ministerial duties when they left the scene of an earlier altercation and failed to make an arrest, protect them from harm and secure the Club area. Further, the plaintiffs allege that they were arrested by officers without personal knowledge of the events giving rise to their citations and were deprived of necessary medical attention. As a result, the plaintiffs argue that the defendants deprived them of their fundamental rights under the Fourth and Fourteenth Amendments in violation of Section 1983. Further, the plaintiffs allege several state law negligence claims, including false arrest, false imprisonment, and malicious prosecution.

Specifically, the plaintiffs allege that the officers deprived them of their Fourth Amendment guarantee against unreasonable seizures when Officers Wright and Smith failed to obtain a timely judicial determination of probable cause before citing and arresting them. Mr. Dorsey also alleges that the officers did not have personal knowledge of the events sufficient to cite him. The plaintiffs also allege that the officers violated their Fourteenth Amendment due process rights. These alleged violations are identical to the alleged Fourth Amendment violations. The plaintiffs also allege that Atlanta is liable under Section 1983, because it has a custom or policy "of depriving individuals of causing individuals to be arrested upon citation," which "violates the Fourth Amendment's requirement of a timely judicial determina-

tion of probable cause." Further, the plaintiffs argue that "by causing individuals to be arrested upon citation," Atlanta created and condoned a policy of depriving individuals of due process of law in violation of the Fourteenth Amendment and violated the Fourth Amendment's guarantee against unreasonable seizures.

## II. LEGAL DISCUSSION

### A. *Rule 12(b)(6) Dismissal Standard*

Pursuant to Fed.R.Civ.P. 12(b)(6), the defendants have filed another motion to dismiss for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See United States v. Gaubert,* 499 U.S. 315, 327, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir.1990). Moreover, in determining whether to grant a Rule 12(b)(6) motion, the court only considers the allegations in the complaint, which it liberally construes in the light most favorable to the plaintiffs. *See Brower v. County of Inyo,* 489 U.S. 593, 598, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989); *and see Burch v. Apalachee Community Mental Health Servs. Inc.,* 840 F.2d 797 (11th Cir.1988) (en banc), aff'd. sub nom., *Zinermon v. Burch,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

Generally, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *In re Johannessen,* 76 F.3d 347, 349 (11th Cir.1996) (quoting *Conley v. Gibson,* 355

U.S. 41, 45–6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Thus, a motion to dismiss will be denied unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Luckey v. Harris,* 860 F.2d 1012, 1016 (11th Cir.1988); *see also Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Therefore, the court is authorized to dismiss the complaint "on the basis of a dispositive issue of law." *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989).

In its previous order the court noted that in Section 1983 actions where government officials sued in their individual capacities raise the defense of qualified immunity, the Eleventh Circuit has "tightened" the pleading requirements. *See GJR Investments, Inc. v. County of Escambia,* 132 F.3d 1359, 1367 (11th Cir. 1998). In *Oladeinde v. City of Birmingham,* the Eleventh Circuit held that in cases where qualified immunity is implicated, "some factual detail is necessary, especially if [for the court] to be able to see that the allegedly violated right was clearly established when the allegedly wrongful acts occurred." 963 F.2d 1481, 1485 (11th Cir.1992). Numerous district courts within the Eleventh Circuit have consistently applied this heightened standard. *See generally Taylor v. Alabama,* 95 F.Supp.2d 1297, 1305 (M.D.Ala.2000); *Sims v. Glover,* 84 F.Supp.2d 1273, 1277 (M.D.Ala.1999). Having carefully reviewed the most recent case law, however, the court finds that the Eleventh Circuit, in *Marsh v. Butler County,* has unambiguously rejected the heightened pleading requirement. 225 F.3d 1243, 1245 (11th Cir.2000). In *Marsh* the court reiterates the Supreme Court's holding in *Conley,* 355 U.S. at 47, 78 S.Ct. 99, 2 L.Ed.2d 80,

noting that courts "may not apply a 'heightened pleading standard' over and above the dictates of [Fed.R.Civ.P.] 8(a) to claims under Section 1983." *Id.* (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)). Accordingly, this court applies the tradition pleading requirement of Fed.R.Civ.P. 8(a) to the instant motion to dismiss, requiring only " 'a short and plaint statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. 99, 2 L.Ed.2d 80.

### B. *Claims Against Officer Thurman*

Initially, with respect to Officer Thurman and the plaintiffs' claim for a failure to make arrests and restore the peace, the court notes that the plaintiffs essentially make no factual nor legal allegations against Officer Thurman. The defendants' motion to dismiss with respect to Officer Thurman as to the state claims is completely unrebutted. Further, the court finds that the plaintiffs have failed to allege any facts that demonstrate the plaintiff was acting under the color of law, as opposed to her role as a security guard at the night club. The plaintiffs did not allege that she made any arrests or otherwise acted within the scope of her authority as a police officer. The court finds that the plaintiffs have failed to plead any facts which if proven would entitle them to relief from Officer Thurman. Accordingly, the court hereby dismisses all claims against Officer Thurman.

### C. *Section 1983 Claim Against Atlanta*

In Count III of their First Amended Complaint, the plaintiffs allege that Atlanta has a "policy or custom of depriving individuals of causing individuals to be arrested upon citation," which "violates the Fourth Amendment's requirement of a timely judicial determination of probable cause ... [,] guarantee against unreasonable seizures ... [, and] the Fourteenth Amendment's guarantee to due process under the law." To hold Atlanta, a municipality, liable, the plaintiff must show that the complained of action "implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers" or else is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978).

The court recognizes that a municipality's failure to correct the constitutionally offensive actions of its police department may rise to the level of a "custom or policy" if the municipality tacitly authorizes these actions or displays deliberate indifference towards police misconduct. *See Cannon v. Taylor,* 782 F.2d 947, 951 (11th Cir.1986) (citing *Turpin v. Mailet,* 619 F.2d 196 (2d Cir. 1980)). The instant Complaint and First Amended Complaint, however, fail to provide any allegation, legal or factual, that Atlanta officials were aware of past or present police misconduct. *See Cannon,* 782 F.2d at 951. There has been no showing of prior complaints or lawsuits against Atlanta for this type of custom or policy. Thus, the plaintiffs have failed to plead sufficient facts that if proven would entitle them to relief from Atlanta. Accordingly, the court hereby dismisses the plaintiffs' Section 1983

claim for municipal custom or policy against Atlanta.

### D. *The Section 1983 Standard and Qualified Immunity*

Prior to the Eleventh Circuit's ruling in *Marsh*, when a government official moved to dismiss a claim on the basis of qualified immunity, "the qualified immunity inquiry and the Rule 12(b)(6) standard [would] become intertwined." *GJR Investments*, 132 F.3d at 1366; *Wooten v. Campbell*, 49 F.3d 696, 699 (11th Cir.1995). Thus, here, the defendant officers could "defeat" the plaintiffs' Section 1983 claims if the Complaint and First Amended Complaint fail " 'to state a claim upon which relief can be granted.' " *Id.* (citing Fed.R.Civ.P. 12(b)(6)). Because the Eleventh Circuit has abandoned the heightened requirement, the court must determine only whether the plaintiffs' have met the pleading requirements of Fed.R.Civ.P. 8(a) and sufficiently alleged facts that, if proven, would overcome the defendants' qualified immunity.

 Although government actors may be sued under Section 1983 in either their official or individual capacity, when sued in an individual capacity, they may enjoy qualified immunity from suit in certain situations. *Gold v. City of Miami*, 121 F.3d 1442, 1445 (11th Cir.1997)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)); *Lassiter v. Alabama A & M Univ.*, 28 F.3d 1146 (11th Cir.1994)(en banc); *see also Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (discussing qualified immunity in Fourth Amendment excessive force claims). Generally, even though the actions of public officials may have violated a plaintiff's constitutional rights, qualified immunity shields public officers from per-

sonal liability if those acts "did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. To determine the propriety of qualified immunity, the officials' conduct is evaluated under an objective standard. *See Anderson*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). The official's subjective intent is irrelevant to the inquiry. *See Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989); *Hutton v. Strickland*, 919 F.2d 1531, 1540 (11th Cir.1990) ("[T]he purpose of qualified immunity would be defeated if courts were to ascertain and analyze the subjective thoughts of government officials instead of basing judicial decisions on objective actions resulting from surrounding circumstances."). Conversely, under the objectively reasonable standard, a government official performing discretionary functions is protected if "a reasonable official could have believed his or her conduct to be lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred." *Hardin v. Hayes*, 957 F.2d 845, 848 (11th Cir.1992). "For qualified immunity to be surrendered, pre-existing law must dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." *Lassiter*, 28 F.3d at 1150.

 As long as their conduct is not unlawful, the doctrine of qualified immunity exempts public officials from damage suits in order to enable them to perform their duties without the threat of potential liability. *See Hutton*, 919 F.2d at 1537 (citations omitted). Qualified immunity is

intended to protect "all but the plainly incompetent or those who knowingly violate the law." *McCoy v. Webster*, 47 F.3d 404, 407 (11th Cir.1995). Thus, a government official's entitlement to immunity is the rule, rather than the exception. *See Lassiter*, 28 F.3d at 1149 ("Only in exceptional cases will government actors have no shield against claims made against them in their individual capacities.").

### 1. Qualified Immunity

The Eleventh Circuit applies a two-part analysis to determine the propriety of granting qualified immunity. First, the defendant must prove that he was acting within the scope of his discretionary authority when the alleged wrongful act occurred. *See Hartsfield v. Lemacks*, 50 F.3d 950, 953 (11th Cir.1995). If successfully met, the burden then shifts to the plaintiff to show that the defendant objectively violated clearly established law. *See id.* This subsequent burden can only be satisfied by demonstrating that the contours of the plaintiff's rights were so sufficiently clear that a reasonable government officer would have understood that his actions were constitutionally repugnant. *See Swint v. City of Wadley*, 51 F.3d 988, 995 (11th Cir.1995).

Having carefully reviewed the record, it appears that the plaintiffs have sufficiently pled and the defendants have averred that at all relevant times Officers Smith and Wright were acting within their discretionary authority as police officers investigating a crime. Accordingly, for purposes of the instant motion, the court finds that the alleged constitutional deprivations were carried out by Officers Smith and Wright as state actors. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482 (1982). Furthermore, the court finds that for purposes of this Section 1983 action they were carrying out their police duties pursuant to authority conferred upon them by the state. *See West v. Atkins*, 487 U.S. 42, 49–50, 108 S.Ct. 2250, 2255–56, 101 L.Ed.2d 40 (1988). The court notes that the determination that an officer was acting within his or her authority is a "low hurdle" to clear. *See Godby v. Montgomery Cty. Bd. of Educ.*, 996 F.Supp. 1390, 1400 (M.D.Ala.1998). Thus, the court analyzes the instant matter with the presumption that the officers were acting under color of state law and within the discretionary authority granted to them under state law, when they arrested the plaintiffs and terminated Mr. Dorsey's medical treatment. Consequentially, Officers Smith and Wright are subject to Section 1983 liability only if the plaintiffs can prove that they violated a clearly established law or right from the point of view of an objective officer.

▋ In doing so, the plaintiffs cannot discharge their burden of showing that a right is clearly established by referring to general rules and abstract rights in order to strip the officers of their qualified immunity. *See Jones v. Cannon*, 174 F.3d 1271, 1282–83 (11th Cir.1999) (quoting *Walker v. Schwalbe*, 112 F.3d 1127, 1132 (11th Cir.1997)), reh'g and suggestion for reh'g en banc denied, 124 F.3d 223 (11th Cir.1997), cert. denied, 523 U.S. 1117, 118 S.Ct. 1794, 140 L.Ed.2d 935 (1998). Instead, "qualified immunity focuses on the actual, specific details of concrete cases." *Walker*, 112 F.3d at 1132 (citing *Lassiter*, 28 F.3d at 1149). Absent a controlling and factually on-point case, a plaintiff can overcome qualified immunity only when "the official's conduct lies so obviously at the very core of what the Fourth [and Fourteenth] Amendment[s] prohibit[ ] that the

**1372**

unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of caselaw." *Smith v. Mattox,* 127 F.3d 1416, 1419 (11th Cir.1997) (citing *United States v. Lanier,* 520 U.S. 259, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997)). Thus, the plaintiffs must point to their specific rights that the officers violated to sustain their Fourth and Fourteenth Amendment claims.

### 2. *Clearly Established Law*

Having established that the officers were acting within the scope of their discretionary authority as state actors, the burden shifts to the plaintiffs to demonstrate that the officers violated clearly established law. *See Sims v. Metropolitan Dade County,* 972 F.2d 1230, 1236 (11th Cir.1992). To overcome qualified immunity, the plaintiffs must show that: (1) the officers violated a federal constitutional right; and (2) the right was clearly established at the time of the violation. *See Santamorena v. Georgia Military College,* 147 F.3d 1337, 1342 (11th Cir.1998) (citations omitted).

For the right to be clearly established, "[t]he contours of the right must be sufficiently clear [so] that a reasonable official would understand that what he was doing violates that right." *Anderson,* 483 U.S. at 641, 107 S.Ct. at 3039. In other words, the plaintiffs must show that when the officers allegedly violated their Fourth and Fourteenth Amendment rights, the law was developed in such a concrete and factually defined context to make it obvious to all reasonable officers, in the officers' place, that what they were doing violated federal law. *See Braddy v. Florida Dep't. Of Labor & Employment Security,* 133 F.3d 797, 801 (11th Cir.1998)(quoting *Jones v. City of Dothan,* 121 F.3d 1456, 1459 (11th Cir.

1997)). To determine whether the plaintiffs have met their burden, the court must find that the applicable law was clearly established at the time the challenged action occurred, and whether the plaintiffs have pled sufficient facts regarding the officers engaging in the allegedly violative conduct. *See Hutton,* 919 F.2d at 1538. Under the circumstances presented in the instant action, to satisfy their burden and create a triable issue, the plaintiffs must identify factual scenarios in preexisting law which demonstrate that the officers' actions were illegal. *See Jones,* 121 F.3d at 1459. This factual judgment must be made from the perspective of a reasonable officer at the scene. *See Graham,* 490 U.S. at 396, 109 S.Ct. at 1871–72.

### 3. *Fourth Amendment; Cognizable Section 1983 Claim*

Initially, under the qualified immunity doctrine, the court must determine whether the plaintiffs have alleged a deprivation of a constitutional right. Then, the court must determine whether the alleged deprivation was clearly established when the defendant officers engaged in the unlawful activity. To this end, the plaintiffs contend that Officers Wright and Smith without a warrant illegally arrested them in violation of the Fourth Amendment and O.C.G.A. §§ 15–10–62; 17–4–20. They complain that such a warrantless arrest violates their Fourth Amendment rights. The Fourth Amendment guarantees that all individuals are "secure in their person ... against unreasonable seizures." U.S. Const. Amend. IV; *and see Michigan v. Summers,* 452 U.S. 692, 694 n. 2, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981) (recognizing the Fourth Amendment's applicability to the states through the Fourteenth Amendment). Detaining someone based on allegations of false arrest or imprisonment are

cognizable claims under Section 1983. *See Ortega v. Christian,* 85 F.3d 1521, 1526 (11th Cir.1996).

■■■ False arrest or imprisonment results from an arrest or detention that is effectuated without probable cause. *See id.* Still, to determine the constitutionality of an arrest, the court "must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner,* 471 U.S. 1, 8, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1 (1985). If an arrest is based on probable cause then "with rare exceptions ... the result of that balancing is not in doubt." *Whren v. United States,* 517 U.S. 806, 817, 116 S.Ct. 1769, 1776, 135 L.Ed.2d 89 (1996). Simply, where the arresting officer possesses probable cause to conclude that a suspect is committing an offense, the government's interest in enforcing its laws outweigh the suspect's privacy interests, and an arrest of the suspect is reasonable. *See e.g. United States v. Robinson,* 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) ("A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment ...."). The Fourth Amendment, however, requires "that searches and seizures be founded upon an objective justification," and this requirement "governs all seizures of the person, including seizures that involve only a brief detention short of traditional arrest.' " *United States v. Mendenhall,* 446 U.S. 544, 551, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980) (citations omitted).

Here, for the officers to be immune from Section 1983 liability, however, does not require them to prove they had probable cause to arrest the plaintiffs, but rather only arguable probable cause. *See Jones,*

174 F.3d at 1283. Thus, the defendant officers satisfy this lower standard of probable cause "if a reasonable police officer, knowing what [they] knew, could have believed there was probable cause for the [ ] arrest." *Id.* (citing *Gold,* 121 F.3d at 1445). Therefore, if the plaintiffs' allegations do not claim that a reasonable officer would not have believed that citing and then arresting the plaintiffs was lawful, in light of clearly established law and the information possessed by the defendant officers at the time of the arrest, then the plaintiffs have not stated a claim of a Fourth Amendment violation. *See Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991); *and see Montoute v. Carr,* 114 F.3d 181, 184 (11th Cir.1997).

■■■ The plaintiffs allege that the officers arrested them without probable cause. While the plaintiffs' Complaint and First Amended Complaint are factually limited, the court finds that they are sufficiently pled to meet the pleading requirements of Fed.R.Civ.P. 8(a) and, if proven, overcome the defendants' qualified immunity. Accordingly, the court finds that this claim cannot be dismissed against the defendants. Because the instant qualified immunity determination rests solely on the facts as pled in the Complaint and First Amended Complaint, the court notes that a subsequent qualified immunity analysis based upon a summary judgment motion, following the close of discovery, could yield a different result.

### E. *14th Amendment—Due Process Violation*

In Count II of their First Amended Complaint the plaintiffs allege that Officers Smith and Wright violated the Fourteenth Amendment's due process guaran-

tees, because under "the circumstances and facts under Officer Wright's and Smith's consideration demonstrate that Officers Wright and Smith lacked probable cause to make an arrest." This count merely reiterates the same factual assertions made in Count I but under the Fourteenth Amendment, alleging that Mr. Dorsey's arrest was "objectively unlawful in that an officer cannot issue a citation unless he has actual knowledge of the behavior supporting the citation and a reasonably competent public official should know that effecting an arrest warrant without a valid warrant and without exigent circumstances surrounding the arrest makes the arrest objectively unlawful." Other than alleging that their claim meets the elements of a Section 1983 claim, the plaintiffs fail to cite any specific examples or facts to support their allegations of an invalid arrest, e.g. lack of exigent circumstances.

The Fourteenth Amendment protects against the deprivation by state actors of a constitutionally protected interest in "life, liberty or property" without the due process of law. *See Zinermon*, 494 U.S. at 125, 110 S.Ct. 975, 108 L.Ed.2d 100. The Due Process Clause provides two types of constitutional protection: procedural due process and substantive due process. *See McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir.1994). To demonstrate a procedural due process violation, a plaintiff must allege "(1) a constitutionally protected interest in life, liberty or property, (2) governmental deprivation of that interest, and (3) the constitutional inadequacy of procedures accompanying the deprivation." *Bank of Jackson County v. Cherry*, 980 F.2d 1362, 1366 (11th Cir.1993). Substantive due process on the other hand, protects "fundamental rights," which are rights contemplated by the Constitution as

"implicit in the concept of ordered liberty." *McKinney*, 20 F.3d at 1556.

■ The court finds that, to the extent that the plaintiffs are attempting to state a claim under the Due Process Clause of the Fourteenth Amendment, this clause does not provide them with a remedy, as the Supreme Court noted:

> Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of governmental behavior 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims. We think this principle is likewise applicable here. The Framers considered the matter of pretrial deprivations of liberty, and drafted the Fourth Amendment to address it.

*Albright v. Oliver*, 510 U.S. 266, 273–74, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994); *see e.g. Uboh v. Reno*, 141 F.3d 1000, 1003 (11th Cir.1998) (characterizing a malicious prosecution claim as being based on the Fourth rather than Fourteenth Amendment). Simply, the plaintiffs allege the same facts in support of their Due Process and Fourth Amendment warrantless arrest claims. The deprivations of which the plaintiffs complain are protected under the Fourth Amendment. The court has previously found that the plaintiffs have stated a claim under the Fourth Amendment. The plaintiffs have not indicated how their due process rights are different from their Fourth Amendment rights. Accordingly, the court finds that the plaintiffs' Fourteenth Amendment claim under Section 1983 as pled must be dismissed as said claims are redundant of the rights guaranteed by the more specific Fourth Amendment.

## III. CONCLUSION

For the foregoing reasons, the court GRANTS Officer Smith's motion to adopt

argument [Doc. No. 27–1], and GRANTS IN PART and DENIES IN PART his motion to dismiss [Doc. No. 26–1], and Atlanta and Officers Wright and Thurman's motion to dismiss [Doc. No. 2–1].

Specifically, Count II of the First Amended Complaint, alleging violations of the Fourteenth Amendment, is hereby dismissed. Count III of the First Amended Complaint, alleging that Atlanta has "a policy or custom of depriving individuals of causing individuals to be arrested upon citation," is hereby dismissed. All claims against Officer Thurman are hereby dismissed. Accordingly, the only remaining federal claim is Count I of the First Amended Complaint against Officers Wright and Smith in both their individual and official capacities. By this ruling, the court does not address the state law claims or the claims against the remaining defendants.

SO ORDERED.