[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16459

_____

D.C. Docket No. 1:11-cv-03268-WBH

CARLTON REID,

Plaintiff-Appellant,

versus

HENRY COUNTY, GEORGIA,
and OFFICER T.W. SLATON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 9, 2014)

Before PRYOR and MARTIN, Circuit Judges, and HONEYWELL,[*] District
Judge.

PER CURIAM:

_____

[*] Honorable Charlene Edwards Honeywell, United States District Judge for the Middle District
of Florida, sitting by designation.

Carlton Reid ("Reid") asserts that his rights under the U.S. Constitution, Fourth Amendment, were violated when Officer T.W. Slaton ("Officer Slaton") stopped his car for an alleged traffic violation and subsequently arrested him for obstruction of justice under Georgia law. In this appeal, we must determine whether Officer Slaton had a reasonable, articulable suspicion to make the traffic stop and whether arguable probable cause supported Reid's arrest. Because we agree that both a reasonable, articulable suspicion and arguable probable cause existed, we affirm.

## I.

At around 1 a.m. on May 27, 2010, Reid was driving home from work on Highway 20 West with his wife, son and his son's friend in the car. Officer Slaton, who was parked in a parking lot, saw Reid drive by and began following him. While Officer Slaton was following Reid, Reid changed lanes into a left-hand turn lane, but did not activate his turn signal. Reid then turned off of the highway onto a side street, and again, did not activate his turn signal. At that point, Officer Slaton initiated a traffic stop and pulled Reid over.

Officer Slaton approached the car and asked Reid for his driver's license. Reid responded by asking why he had been pulled over and did not produce his driver's license. Officer Slaton stated, "I got a reason" and then proceeded to ask for Reid's driver's license again. Without producing his driver's license, Reid

2

responded again by asking why he had been pulled over. Again, Officer Slaton did not answer Reid's question but asked Reid a third time for his driver's license. This time, Reid handed his driver's license over to Officer Slaton.

Officer Slaton then attempted to obtain identification from the passengers in the car, but Reid continually interrupted him to question why he needed their identification. This exchange went on for several minutes. Officer Slaton then called for backup, went to the back of Reid's car, and asked Reid to employ his turn signal so that he could see if it was working. Reid turned on the signal and Officer Slaton determined that it was not working. When the other officers arrived, Officer Slaton complained to them that Reid would not allow him to get identification from one of the passengers because Reid kept interrupting him. Officer Slaton then arrested Reid for misdemeanor obstruction/hindering a law enforcement officer pursuant to O.C.G.A. § 16-10-24.

Reid filed an action under 42 U.S.C. § 1983 against both Officer Slaton and Henry County, Georgia ("the County") seeking to recover damages for unlawful arrest by a law enforcement officer for violation of the Fourth and Fourteenth Amendment rights to be free of improper seizure and for violation of his First Amendment right to free speech. He also asserted state law claims against Officer Slaton for negligence, false arrest, false imprisonment, and malicious prosecution. Thereafter, Officer Slaton and the County filed a motion for

3

summary judgment.  Reid filed a cross-motion for partial summary judgment. The district court granted Officer Slaton and the County's motion for summary judgment with respect to Reid's section 1983 claims, declined to maintain supplemental jurisdiction over the state law claims, and dismissed the action.

## II.

We review *de novo* the district court's grant of summary judgment, applying the same legal standards as the district court.  *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1242–43 (11th Cir. 2003).  Summary judgment is appropriate if the evidence establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). The evidence, and all reasonable inferences, must be viewed in the light most favorable to Appellant Reid as the non-moving party.  *McCormick*, 333 F.3d at 1243.  However, when there is highly probative evidence, the court need not adopt a plaintiff's version of the facts that are contradicted by that evidence. *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007).

## III.

The first issue we address is whether Officer Slaton had a reasonable, articulable suspicion to make an investigatory traffic stop.  Reid contends that Officer Slaton did not have a reasonable, articulable suspicion to justify the traffic stop because he did not violate any traffic laws – that he turned left from a left-

4

turn-only lane and that under Georgia law, drivers are not required to use a left turn signal under these circumstances.  It is axiomatic that "an officer may, consistent with the Fourth Amendment, conduct a brief investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 124, 120 S. Ct. 673, 676 (2000).  In determining whether a stop is reasonable, courts look at the totality of the circumstances known to the officer at the time of the stop.  *U.S. v. Lewis*, 674 F.3d 1298, 1305 (11th Cir. 2012).

We agree with the district court that Officer Slaton had a reasonable, articulable suspicion to make an investigatory stop.  Officer Slaton's dash-mounted car video camera showed Reid changing lanes twice without employing his turn signal – the first time was when Reid changed lanes to get into the left-turn-only lane, the second time was when Reid made a left turn from the left-turn-only lane. These lane changes occurred at approximately 1 a.m. in darkness. The left turn occurred across oncoming traffic.  Under the totality of the circumstances, it is clear that Officer Slaton had a reasonable, articulable suspicion to make an investigatory stop. *See, e.g.*, *Cuaresma v. State*, 663 S.E.2d 396, 399 (Ga. Ct. App. 2008) (driver of truck made an illegal lane change by failing to signal in violation of O.C.G.A. § 40-6-123(b)).

5

IV.

Next, we determine whether there was arguable probable cause to arrest Reid. Reid argues that there was no arguable probable cause to arrest him for obstruction of justice, any traffic violation, or any other offense. Probable cause to arrest exists when law enforcement officers have facts and circumstances within their knowledge which are sufficient to warrant a reasonable belief that a suspect committed or was committing a crime. *Case v. Eslinger*, 555 F.3d 1317, 1327 (11th Cir. 2009). A warrantless arrest without probable cause violates the Fourth Amendment. *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996). However, the existence of probable cause at the time of arrest constitutes an absolute bar to a Section 1983 action for false arrest. *Id.* To determine whether a law enforcement officer is entitled to qualified immunity with respect to an alleged wrongful arrest, a lack of arguable probable cause rather than actual probable cause is the standard. *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997). Whether an arresting officer possesses probable cause or arguable probable cause depends on the elements of the alleged crime and the facts of the case. *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1333 (11th Cir. 2004).

Officer Slaton had arguable probable cause to arrest Reid. We have already determined that Officer Slaton had a reasonable, articulable suspicion to make an investigatory stop of Reid's car. After stopping Reid, Officer Slaton discovered

6

that Reid's turn signal was not working. Although Officer Slaton did not base the traffic stop on a non-working turn signal, his discovery after the stop that Reid's turn signal was not working, a violation of O.C.G.A. § 40-8-25 and § 40-8-26, gave him arguable probable cause to arrest Reid.

The existence of a traffic violation can provide an officer with arguable probable cause to make an arrest, even though the offense is minor or normally punishable by a monetary citation, and even if the officer had no knowledge of that violation at the time. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S. Ct. 1536 (2001) (officers permissibly arrested and jailed motorist for fine-only offenses of failing to wear seat belt and failing to fasten children's seat belts); *see also Virginia v. Moore*, 553 U.S. 164, 166–67, 178, 128 S. Ct. 1598 (2008) (upholding arrest for misdemeanor driving-on-a-suspended-license). As long as probable cause existed to arrest the suspect for any offense, the arrest and detention are valid even if probable cause was lacking as to some offenses, or even all announced charges. *Lee v. Ferraro*, 284 F.3d 1188, 1196 (11th Cir. 2002)[1]; *see also United States v. Saunders*, 476 F.2d 5, 7 (5th Cir. 1973) (holding that arrest based on marijuana possession was valid even though agents making arrest relied only on charges of harboring and concealing a fugitive, for which

---

[1] Because arguable probable cause existed for the arrest of Reid due to a non-working turn signal, we need not determine whether Reid's arrest for obstruction of an officer was lawful.

7

there was no probable cause).   Reid's arrest did not violate the Fourth Amendment, as it was supported by arguable probable cause.

## V.

Having determined that Officer Slaton's arrest of Reid was constitutional, Officer Slaton is entitled to qualified immunity protection with respect to Reid's section 1983 claims.  *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001). Similarly, because Reid did not suffer a constitutional deprivation, he cannot recover from the County under section 1983.  *See Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

## VI.

The district court's grant of summary judgment in favor of Officer T.W. Slaton and Henry County, Georgia is **AFFIRMED.**