[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11015
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01518-RLV

JUAN ANTONIO MORENO,

Plaintiff-Appellant,

versus

GEORGE N. TURNER,
individually and as an officer of the Atlanta Police Department,
ROBERT L. BROWNING,
individually and as an officer of the Atlanta Police Department,
CITY OF ATLANTA,
CRAIG O. GONSALVES-BARREIRO,
individually and as an officer of the Atlanta Police Department,
MICHAEL HARRIS,
individually and as an officer of the Atlanta Police Department, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 22, 2014)

Before TJOFLAT, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Juan Antonio Moreno appeals the district court's dismissal of his 42 U.S.C. § 1983 claim against Atlanta Police Officer Craig Gonsalves-Barreiro on the basis of qualified immunity. Moreno argues that he was subjected to an unreasonable search and seizure under the Fourth Amendment by Officer Gonsalves-Barreiro. After a review of the record and the parties' briefs, we affirm, but for different reasons than relied on by the district court.[1]

## I.

The following factual allegations are drawn from Moreno's amended complaint. On the afternoon of May 3, 2011, Moreno was working as a safety flagger at a work site near 377 Peachtree Battle Avenue in the City of Atlanta. At that time, Moreno was employed by Burford's Tree, Inc., whose employees were trimming trees to protect power lines. Moreno's job was to direct traffic on the road using a hand-held stop sign (the "flag").

Around 1:00 p.m., a motorist talking on her phone drove through the area and failed to heed Moreno's indication to stop. Seeing cars driving towards her in the same lane, the motorist turned her car in Moreno's direction and hit him. She then called the police and reported a "fight with a weapon." In addition, the

---

[1] We may affirm the district court on any ground supported by the record. *Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir. 2010).

motorist demanded to know whether Moreno was "legal" because of his "Hispanic appearance."  When police officers, including Officer Gonsalves-Barreiro, arrived on the scene, the motorist told them that Moreno struck her car with the flag.

The amended complaint asserts that, based on the motorist's allegations, and "without inquiring sufficiently of [Moreno] about what happened or taking apparently any notice at all of the fact he was a safety worker engaged in his duties," Officer Gonsalves-Barreiro had Moreno place his hands on the patrol car and spread his legs, frisked him, and told him that damaging someone's car was a crime.  In addition, Officer Gonsalves-Barreiro searched Moreno without his consent, "seizing personal articles including keys, cash, wallet, and driver's license."

Moreno was handcuffed and put in the back of a very hot patrol car, where he was held for approximately 40-60 minutes, the first 30 minutes of which were without air conditioning or air circulation.[2]  While Moreno was held inside the patrol car, Officer Gonsalves-Barreiro reported details about the situation over the radio, and Moreno heard a person on the other end ask, "Why did you arrest him?"

---

[2] The magistrate judge had found that Moreno did not allege that he was handcuffed during these events, but that, even if he had been, it did not affect the analysis.  Moreno objected to this finding, indicating that the allegation was implied, and then clearly asserted that he was handcuffed.  We do not find the presence or absence of handcuffs to be dispositive, and we assume that Moreno was handcuffed for purposes of this opinion.

3

During this time, the motorist remained outside, not in handcuffs. Moreno was then released and no criminal charges were filed.

Moreno alleges that the officers at the scene failed "to take in and consider his position, to make further inquiry of available witnesses at the scene, and to investigate basic evidence—including the plainly obvious—before invoking the power of warrantless arrest and detention." He also asserts that the motorist's statement "was wholly inconsistent with the evidence."

Moreno further avers that Officer Gonsalves-Barreiro prepared a report on the incident, but the report failed to disclose that Moreno was searched and detained. Believing that the Atlanta Police Department conspired to conceal Officer Gonsalves-Barreiro's misconduct, Moreno twice made unsuccessful open-records requests under Georgia law for information regarding the investigation of the May 3, 2011, incident.

Moreno filed suit under § 1983 against Officer Gonsalves-Barreiro, George Turner, the Chief of Police for the City of Atlanta, and several other police officers. Moreno also alleged state-law claims against the City of Atlanta for violations of Georgia's Open Records Act, O.C.G.A. §§ 50-18-70 to -76. Only Moreno's § 1983 claim against Officer Gonsalves-Barreiro in his individual capacity is directly at issue in this appeal, although Moreno argues that the City of

4

Atlanta's failure to respond to his open-records requests supports the plausibility of the § 1983 claim.[3]

The magistrate judge issued a report concluding that Officer Gonsalves-Barreiro's motion to dismiss should be granted because he was entitled to qualified immunity. Finding that it was undisputed that the officer was acting in his discretionary authority during the incident, the magistrate judge determined that Moreno had failed to meet his burden of showing that Officer Gonsalves-Barreiro violated a clearly established constitutional right. Specifically, Moreno did not allege facts to support a conclusion that Officer Gonsalves-Barreiro lacked at least arguable reasonable suspicion to detain Moreno, search him "for officer safety," and then separate him from the complainant while investigating the complaint. He also did not cite a case that clearly established that the officer's conduct during the investigation was unreasonable. Moreover, the magistrate judge rejected Moreno's assertion that he had been arrested, stating that "the facts alleged in his complaint show that he was simply *detained* for investigatory purposes and released without being charged with an offense." Moreno objected that the search and seizure went beyond what is authorized by an investigatory detention and that Officer Gonsalves-Barreiro lacked probable cause to arrest him.

---

[3] Moreno has abandoned all other issues on appeal by failing to raise them in his initial appellate brief. *Univ. of Ala. Bd. of Trs. v. New Life Art, Inc.*, 683 F.3d 1266, 1280 (11th Cir. 2012).

5

Adopting the magistrate judge's report and rejecting Moreno's objections, the district court granted Officer Gonsalves-Barreiro's motion to dismiss based on qualified immunity.

## II.

We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., accepting the facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). The factual allegations in the complaint must show "more than the mere possibility of misconduct" by the defendant. *Id.* at 679, 129 S.Ct. at 1950.

"Qualified immunity offers complete protection for individual government officials performing discretionary functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Randall v. Scott*, 610 F.3d 701, 714 (11th Cir. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73

L.Ed.22 396 (1982)).  This immunity "protect[s] from suit 'all but the plainly incompetent or one who is knowingly violating the federal law.'"  *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (quoting *Willingham v. Loughnan*, 261 F.3d 1178, 1187 (11th Cir. 2001)).  Once the officer establishes that he was performing a discretionary function, which is not disputed here, "the burden shifts to the plaintiff to show that the official is not entitled to qualified immunity."  *Whittier v. Kobayashi*, 581 F.3d 1304, 1308 (11th Cir. 2009) (quotation omitted).  "To overcome qualified immunity, the plaintiff must satisfy a two prong test; he must show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation."  *Id.* (quotation omitted).  The qualified-immunity standard is an objective one, and an officer's subjective intent or beliefs are irrelevant to the inquiry.  *Rushing v. Parker*, 599 F.3d 1263, 1266 (11th Cir. 2010).

The inquiry whether a constitutional right is clearly established is undertaken in light of the specific facts of the case.  *Loftus v. Clark-Moore*, 690 F.3d 1200, 1204 (11th Cir. 2012).  "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Whittier*, 581 F.3d at 1308 (quotation omitted).  "To answer this question, we look to law as decided by the Supreme Court, the Eleventh Circuit, or the Supreme

Court of Georgia." *Barnes v. Zaccari*, 669 F.3d 1295, 1307 (11th Cir. 2012). A plaintiff may demonstrate that the asserted right was clearly established by (1) showing that a "materially similar case has already been decided"; (2) pointing "to a broader, clearly established principle that should control the novel facts of the situation"; or (3) arguing that the conduct at issue so obviously violated the Constitution that existing case law is unnecessary. *Loftus*, 690 F.3d at 1204-05 (quotations and alterations omitted).

## III.

Moreno acknowledges that a materially similar case has not been decided, but he argues that clearly established principles should control the specific facts of this case. Specifically, he argues that he was arrested without probable cause because no offense was committed in Officer Gonsalves-Barreiro's presence, *see, e.g.*, *Virginia v. Moore*, 553 U.S. 164, 171-78, 128 S.Ct. 1598, 1604-08, 170 L.Ed.2d 559 (2008). Or, if Moreno is viewed as having been merely detained pending an investigation, he argues that no reasonable suspicion existed for the initial detention and that the search was unreasonable, *see, e.g.*, *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884-85, 20 L.Ed.2d 889 (1968) (holding that an officer may conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot).

8

Even if we accept Moreno's contention that he was arrested, we nonetheless must conclude that Officer Gonsalves-Barreiro is entitled to qualified immunity. Because Moreno contends that his detention and search were unreasonable under *Terry* only to the extent that the Court rejects his contention that he was arrested, and because the Court assumes for purposes of the analysis that he was arrested, we do not decide whether the district court erred in determining that the detention and search at issue were an arguably reasonable investigatory stop under *Terry*.

A warrantless arrest does not violate the Constitution when probable cause to arrest exists. *Holmes v. Kucynda*, 321 F.3d 1069, 1079 (11th Cir. 2003). There is probable cause, in turn, "if, at the moment the arrest was made, the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *Id.* at 1079 (quotations and alterations omitted); *Dahl v. Holley*, 312 F.3d 1228, 1233 (11th Cir. 2002). Qualified immunity protects an officer even when that officer has only "arguable probable cause"—that is, where, under the facts and circumstances, the officer reasonably could have believed that probable cause existed, even if it did not actually. *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997). Put simply, "law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Id.* (quotation omitted).

9

Moreno primarily argues that Officer Gonsalves-Barreiro could not have had arguable probable cause to arrest him because no offense was committed in the officer's presence.  We disagree.  Probable cause may arise where the facts and circumstances are sufficient to warrant a reasonably prudent officer to believe that "the suspect *had committed* or was committing an offense." *Holmes*, 321 F.3d at 1079 (quotations and alterations omitted) (emphasis added).  While the officer's presence or absence certainly may be relevant to a determination of whether probable cause existed under the totality of the circumstances, the fact that an officer was absent for the commission of the crime does not, in and of itself, necessarily deprive an officer of having probable cause to conduct an arrest.

Rather, the relevant inquiry is whether, at the time that Moreno was arrested, a prudent officer could reasonably have believed, even if mistakenly, that Moreno had committed a crime.  Under Georgia law, a person commits the misdemeanor offense of criminal trespass when, among other things, "he or she intentionally damages any property of another without consent of that other person and the damage thereto is $500.00 or less," O.C.G.A. § 16-7-21, or the offense of criminal damage to property in the second degree if he "[i]ntentionally damages any property of another person without his consent and the damage thereto exceeds $500.00," O.C.G.A. § 16-7-23.

10

This Court has previously noted that, "[g]enerally, an officer is entitled to rely on a victim's criminal complaint as support for probable cause." *Rankin v. Evans*, 133 F.3d 1425, 1441 (11th Cir. 1998); *see also Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) (assessing whether an informant's tip rose to the level of probable cause under the "totality of the circumstances"). Although Moreno complains that the motorist was not actually a victim, the amended complaint alleges that she portrayed herself as one to Officer Gonsalves-Barreiro.

We conclude that, even if Officer Gonsalves-Barreiro had a mistaken impression of what transpired between Moreno and the motorist, in light of the allegations in the amended complaint regarding what happened before Moreno's arrest, Moreno has not met his burden of showing that the officer violated a clearly established right. Based on the motorist's allegations at the scene of the incident, Officer Gonsalves-Barreiro had reason to believe that Moreno damaged the property of another person without her consent, in violation of O.C.G.A. §§ 16-7-21 or -23.

Although "[a]n arresting officer is required to conduct a reasonable investigation to establish probable cause," *Rankin*, 133 F.3d at 1435, Moreno's factual allegations are too vague and conclusory to support a plausible claim that the officer's investigation here was clearly unreasonable. It is true that Moreno alleges that the officer could not have had probable cause and suggests that he

11

relied on the motorist's word and the fact that Moreno was Hispanic, and an officer's arrest of an individual because of his race would certainly violate a clearly established right. But Moreno's allegation that the officer arrested him because of his race is entirely conclusory, unsupported by any factual allegations whatsoever.

Moreover, the amended complaint further asserts that the officer failed to "inquir[e] sufficiently" of Moreno, to conduct "further inquiry" of available witnesses, or to "investigate basic evidence—including the plainly obvious." These allegations necessarily indicate that, at the very least, in addition to taking the motorist's statement, the officer did, in fact, question Moreno and other available witnesses before arresting Moreno. Because the amended complaint provides no information concerning what was allegedly insufficient about the officer's questioning of Moreno and the other available witnesses or what "basic" and "plainly obvious" evidence the officer failed to investigate that showed that Moreno was innocent, we cannot infer "more than the mere possibility of misconduct" by Officer Gonsalves-Barreiro—if even that. *See Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1950. As a result, Moreno has not shown, by a materially similar case or by reference to a clearly established principle, that a reasonable police officer would have known that it was unlawful to arrest Moreno in these circumstances.

Accordingly, we conclude that Officer Gonsalves-Barreiro had at least arguable probable cause to arrest Moreno. *See Montoute*, 114 F.3d at 184. To the extent that Officer Gonsalves-Barreiro made a mistake, it was conduct of "the type that qualified immunity is meant to protect: 'a reasonable mistake in the legitimate performance of [an officer's] duties.'" *See Rushing*, 599 F.3d at 1267 (quoting *Kingsland v. City of Miami*, 382 F.3d 1220, 1233 (11th Cir. 2004)). Because the warrantless arrest was supported by at least arguable probable cause, Officer Gonsalves-Barreiro was also entitled to search Moreno incident to arrest. *See Holmes*, 321 F.3d at 1082 (stating that, while warrantless searches generally are unreasonable, officers may search a person incident to an arrest without a warrant).

Finally, we find no merit to Moreno's contention that the City of Atlanta's failure to respond to his open-records requests supports the plausibility of his § 1983 claim. Moreno was physically present for all events on which his § 1983 claim is based, so it is not clear what additional information could be discovered through these requests. Furthermore, any information about the officer's subjective motivations would be irrelevant because qualified immunity in this context is an objective determination based on the facts and circumstances known to the officer at the time of arrest. *See Rushing*, 599 F.3d at 1266.

13

## IV.

Based on the amended complaint, Moreno has not stated a plausible claim that his clearly established Fourth Amendment rights were violated.  Accordingly, we affirm on other grounds the dismissal of Moreno's § 1983 claim against Officer Gonsalves-Barreiro.  *See Krutzig*, 602 F.3d at 1234.

**AFFIRMED.**