[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13554
Non-Argument Calendar

_____

D.C. Docket No. 3:19-cv-00010-CAR

JARVIS O'NEIL ADAMS,

Plaintiff-Appellant,

versus

OFFICE OF THE GOVERNOR,
State of Georgia,
OFFICE OF GREENE COUNTY SHERIFF,
OFFICER PAQUETTE,
Greene County Deputy Sheriff,
OFFICER JOHN DOE,
presumably McGammons, Greene County
Deputy Sheriff,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 12, 2020)

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Jarvis O'Neil Adams, proceeding pro se, appeals the sua sponte dismissal with prejudice of his 42 U.S.C. § 1983 action raising claims of an unlawful stop, search, and seizure in violation of the Fourth Amendment and other rights. The district court granted Adams's motion to proceed *in forma pauperis*, but dismissed his case with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) because he failed to state a claim upon which relief could be granted and because amending his complaint would be futile under the *Rooker-Feldman*[1] doctrine. After careful review of the appellant's brief and the record, we affirm in part and vacate and remand in part.[2]

## I.

We review de novo a district court's sua sponte dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e) provides that an *in forma pauperis* action shall be dismissed at any time if the court determines that it fails to state a claim for which relief may be granted. § 1915(e)(2)(B)(ii). To avoid dismissal for failure to state a claim, the complaint must contain enough facts to "raise a right to

---

[1] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[2] To the extent that Adams appeals the dismissal of any of his other constitutional claims, we have determined that such claims are conclusory and meritless, and we affirm their dismissal.

relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And its claim for relief must be plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We have stated that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Pro se pleadings are liberally construed and held to less stringent standards than those drafted by lawyers but must still suggest some factual basis for a claim. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). And "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

To prevail on a civil rights action under § 1983, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). The Fourth Amendment protects individuals from unreasonable searches and seizures. *Terry v. Ohio*, 392 U.S. 1, 9 (1968).

"A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim," *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996), but there can be no claim for false arrest without an arrest, *Shaw v. City of Selma*, 884 F.3d 1093, 1101 (11th Cir. 2018).

A traffic stop is considered a seizure subject to the protections of the Fourth Amendment. *United States v. Purcell*, 236 F.3d 1274, 1277 (11th Cir. 2001). A decision to stop a vehicle is reasonable under the Fourth Amendment when an officer has probable cause to believe that a traffic violation occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996). Probable cause is a "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004). This standard is met when an officer personally observes a traffic infraction. *See United States v. Harris*, 526 F.3d 1334, 1337–38 (11th Cir. 2008) (per curiam).

A warrantless search of an automobile is constitutional if (1) the automobile is readily mobile and (2) there is probable cause to believe that it contains contraband or evidence of a crime. *United States v. Lanzon*, 639 F.3d 1293, 1299–1300 (11th Cir. 2011). The first prong is satisfied if the car is operational. *United States v. Watts*, 329 F.3d 1282, 1286 (11th Cir. 2003) (per curiam). As for the second prong, probable cause to search a vehicle "exists when under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle." *United States v. Lindsey*, 482 F.3d 1285, 1293 (11th Cir. 2007). This standard is met when an officer detects the smell of marijuana. *United States v. Lueck*, 678 F.2d 895, 903 (11th Cir. 1982), *abrogation on other grounds recognized by United States v. Phillips*, 812 F.2d 1355 (11th Cir. 1987)

(per curiam).  In addition to searching the vehicle, officers conducting a traffic stop may "take such steps as are reasonably necessary to protect their personal safety," including conducting a protective search of the driver.  *Purcell*, 236 F.3d at 1277 (alteration accepted).

A warrantless seizure of personal property in plain view is permissible under the Fourth Amendment where officers have probable cause to believe that the property is contraband.  *See United States v. Smith*, 459 F.3d 1276, 1290 (11th Cir. 2006).  The government can establish probable cause for the seizure of property by showing that the property was related to "some illegal drug transaction." *$242,484.00*, 389 F.3d at 1160.  In considering the evidence that funds were related to a drug transaction, we employ "a common sense view to the realities of normal life applied to the totality of the circumstances."  *Id*.  The sheer quantity of cash, although a significant fact, is not sufficient on its own to establish probable cause to believe money was related to a drug transaction.  *Id*. at 1161.

The district court did not err by dismissing Adams's claims for unlawful arrest and unlawful stop.  First, he was not arrested, and second, he alleged, and did not dispute, that the officers stopped him based on a traffic violation—failing to use his turn signal.  *See* O.C.G.A. § 40-6-123(b) ("A signal of intention to turn right or left or change lanes when required shall be given continuously for a time sufficient to alert the driver of a vehicle proceeding from the rear in the same

5

direction or a driver of a vehicle approaching from the opposite direction."). The district court also did not err by dismissing Adams's claim for unlawful search of his vehicle as he alleged the officers stated that they searched his car because they smelled marijuana, which established probable cause for the search.

But the district court did err by dismissing Adams's claim for unlawful seizure of his personal property during the stop because it did not specifically address whether there was probable cause for the seizure. In other words, the district court made no determination about whether the alleged facts supported that the officers had probable cause to believe the seized money was contraband—e.g., related to a drug transaction. As this determination requires a fact-specific inquiry governed by the totality of the circumstances, we will remand to the district court to address in the first instance whether Adams stated a claim for unlawful seizure under § 1983.

## II.

"We review a district court's decision to deny leave to amend for an abuse of discretion," *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018), but we review de novo the underlying legal conclusion that amendment to the complaint would be futile, *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005) (per curiam). We review de novo a district court's determination that it lacks subject matter jurisdiction over a plaintiff's claims due to the

*Rooker-Feldman* doctrine.  *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 (11th Cir. 2001).

Generally, the district court abuses its discretion if it does not provide a pro se plaintiff at least one opportunity to amend his complaint before dismissing it with prejudice, unless doing so would be futile because a more carefully crafted complaint would still not be able to state a claim.  *See Woldeab*, 885 F.3d at 1291–92.  Under the *Rooker-Feldman* doctrine, federal district courts and courts of appeals lack subject matter jurisdiction "over certain matters related to previous state court litigation."  *Goodman*, 259 F.3d at 1332.  The *Rooker-Feldman* doctrine "extends not only to constitutional claims presented or adjudicated by a state court, but also to [federal] claims that are 'inextricably intertwined' with a state court judgment."  *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (per curiam).  "A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."  *Id.*  (internal quotation mark omitted).

The Supreme Court has clarified that the *Rooker-Feldman* doctrine is confined to cases that are "brought by state-court losers complaining of injuries caused by state-court judgments rendered *before the district court proceedings commenced* and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)

7

(emphasis added). *Rooker* and *Feldman* do not support the idea that properly invoked concurrent jurisdiction vanishes when a state court reaches judgment on the same question while the case is still under review in federal court. *Id.* at 292. "Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law." *Id.* at 293. Thus, "the relevant inquiry [for applying the *Rooker-Feldman* doctrine] is whether the state court proceedings have ended" before the federal action was filed. *Nicholson v. Shafe*, 558 F.3d 1266, 1277 (11th Cir. 2009); *see Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1072 (11th Cir. 2013) (noting *Rooker-Feldman* doctrine would only apply if state court proceedings ended *before commencement* of the plaintiff's federal case).

And under Federal Rule of Civil Procedure 15(c)(1), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

Here, the district court erred by concluding that amendment would be futile because it would be barred from review under the *Rooker-Feldman* doctrine. As the district court noted, the state civil forfeiture proceeding had not concluded when Adams filed his initial complaint. Because any amended complaint based on the same facts could relate back to the date of the filing of the initial complaint, the *Rooker-Feldman* doctrine would not apply to Adams's amended complaint.

8

III.

For the reasons stated above, we affirm the district court's dismissal of Adams's claims for unlawful stop and search. We vacate the dismissal of Adams's unlawful seizure claim and remand to the district court for proceedings consistent with this opinion.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**